[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 433 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 435 
The defendants were common carriers from New-York to Albany. On the 14th or 15th of August, 1848, they received on board their boat, at New-York, the goods in question, marked "for A.W. Miller, Rochester, care F.M. Adams, Albany." Adams was the general agent at Albany for the Rochester city line of canal boats in 1848, to whom the goods should, in the regular course of business, have been delivered to be forwarded to their destination.
The goods arrived at Albany in the defendants' tow-boat, in the morning of the 18th of August, in the same year, and before they were delivered to Adams, and while a part were still on board the tow-boat, and the residue on board a floating warehouse, belonging to the defendants and used by them to aid in distributing their cargoes to the various lines on the canal, they were destroyed by the great fire in that city, which commenced about noon of that day.
The important question is, whether this loss shall be borne by the defendants or by the plaintiff.
There was no dispute about the facts. Adams, the consignee, had a boat near by, ready to receive the goods when the defendants were prepared to deliver them. There was no evidence that the goods remained with the defendants in consequence of any negligence in Adams to receive them. Had there been, the question of negligence should have been submitted to the jury.
The liability of the defendants, as common carriers, had not terminated when the fire occurred. They still had the custody of the goods, and had a further duty to perform in respect to them. They were not keeping them because there was no one ready to receive them; for the consignee was in Albany, had been on board the boat and was ready to receive them. (Story on Bailments, § 542.)
Common carriers are regarded as insurers of the property intrusted to them, and are responsible for all injuries, except such as are occasioned by the act of God and the public *Page 437 
enemies. (Angell on Carriers, §§ 46, 67; Story on Bailments,
§ 489; 2 Kent's Com., 597; Goold v. Chapin, 10 Barb.,
612; Foote v. Storrs, 2 Id., 326.) A destruction by fire, unless occasioned by lightning, does not fall within the exception. (Story on Bailment, §§ 507, 511, 528; Hyde v. TheNavigation Company from Trent to the Mersey, 5 T.R., 389;Gatliffe v. Bourne, 4 Bing. N.C., 314.)
The judgment of the Supreme Court should be affirmed.