GREATER NEW YORK COAL AND OIL CORPORATION, Respondent, v. PHILADELPHIA AND READING COAL AND IRON COMPANY, Defendant, and GREATER NEW YORK COAL DISTRIBUTION CO., INC., Appellant.

Argued May 16, 1938; decided May 31, 1938.

*Benjamin Lewis* and *Alfred B. Nathan* for appellant. Fairly construed, section 480 of the Civil Practice Act requires that an award of interest for the period antedating the verdict be made by the trier of the facts. (*Simon* v.

*Etgen*, 213 N. Y. ~589; *Isbell-Porter Co.* v. *Braker*, 120 App. Div. 384; *Faber* v. *City of New York*, 222 N. Y. 255; *Klausner* v. *Queens Fur Dressing Co.*, 130 Misc. Rep. 579; *Preston Co.* v. *Funkhouser*, 261 N. Y. 140; 290 U. S. 163; *Shea* v. *National Surety Co.*, 144 Misc. Rep. 613; *Ketcham* v. *Wilbur*, 256 N. Y. 525; *Porret* v. *City of New York*, 252 N. Y. 208; *Duerr* v. *Consolidated Gas Co.*, 104 App. Div. 465; *Herpe* v. *Herpe*, 225 N. Y. 323.)

*Norman Winer* for respondent. Where plaintiff is entitled to interest as a matter of law the court may add that interest to the verdict of the jury. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140; *Funkhouser* v. *Preston Co.*, 290 U. S. 163; *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Hodgkins* v. *Mead*, 119 N. Y. 166; *Urband* v. *Lubell*, 245 N. Y. 156; *Lowenstein* v. *Lombard, Ayres & Co.*, 2 App. Div. 610; *M'Afee* v. *Dix*. 101 App. Div. 69; *Mayaguez Drug Co.* v. *Globe & Rutgers Fire Ins. Co.*, 260 N. Y. 356; *McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458; *Joannes Bros. Co.* v. *Lamborn*, 226 App. Div. 777; *Newburgh Dress Co.* v. *Nadler & Nadler, Inc.*, 251 App. Div. 330; *Distillator & Son, Inc.*, v. *Smith*, 140 Misc. Rep. 34; *Eff-Ess, Inc.*, v. *New York Edison Co.*, 144 Misc. Rep. 724; *Demms* v. *Blanchard*, 150 Misc. Rep. 867; *United States* v. *Stephanidis*, 41 Fed. Rep. [2d] 960; *Hollwedel* v. *Duffy-Mott Co.*, 263 N. Y. 95; *Hart* v. *United Artists Corp.*, 252 App. Div. 133; *Miller* v. *Foltis-Fischer, Inc.*, 152 Misc. Rep. 24.)

*Per Curiam.* In a case covered by section 480 of the Civil Practice Act where there is no question of fact as to the amount, it is the duty of the court to add to the verdict of the jury interest from the date of the breach of the contract.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Order affirmed, etc.