DONALD FLAMM, Appellant, *v.* EDWARD J. NOBLE, Respondent.

Argued January 14, 1947; decided April 17, 1947.

*Philip Handelman, Colin C. Ives, S. S. Goldsmith* and *Leon Wagman* for appellant. I. Plaintiff is entitled, as a matter of law, to interest on the amount of the verdict from the date of the wrong which resulted·in the transfer of radio station WMCA, to the date of the rendition of the verdict. (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *White* v. *Miller,* 78 N. Y. 393; *Blackwell* v. *Finlay,* 233 N. Y. 361; *Faber* v. *City of New York,* 222 N. Y. 255; *Funkhouser* v. *Preston Co.,* 261 N. Y. 140, 290 U. S. 163; *Wilson* v. *City of Troy,* 135 N. Y. 96; *Regan* v. *City of New York,* 175 App. Div. 861; *Lakeside Paper Co.* v. *State of New York,* 55 App. Div. 208.) II. Interest is allowed as a matter of law in cases involv-

ing fraud and deceit. (*Reno* v. *Bull*, 226 N. Y. 546; *Hubbell* v. *Meigs*, 50 N. Y. 480; *A. & B. Export & I. Corp.* v. *Franco-American Chemical Co.*, 189 App. Div. 618; *Merry Realty Co.* v. *S. & H. R. E. Co.*, 103 Misc. 9, 186 App. Div. 538; *Holden* v. *New York and Erie Bank*, 72 N. Y. 286; *Davidge* v. *Guardian Trust Co.*, 120 N. Y. S. 628; *Lambert* v. *Elmendorf*, 124 App. Div. 758; *United States* v. *Pan American Petroleum Co.*, 24 F. 2d 206; *Demms* v. *Blanchard*, 150 Misc. 867; *Amony* v. *McGregor*, 15 Johns. 24.) III. Interest is allowed as a matter of law in cases involving duress. (*Aronoff* v. *Levine*, 190 App. Div. 172, 232 N. Y. 529; *Eadie* v. *Slimmon*, 26 N. Y. 9; *American District Telegraph Co.* v. *City of New York*, 213 App. Div. 578; *Kilpatrick* v. *Germania Life Ins. Co.*, 183 N. Y. 163; *Aetna Insurance Co.* v. *The Mayor*, 153 N. Y. 331.) IV. Interest is allowed as a matter of law in trover and conversion cases. (*Distillator & Sons, Inc.*, v. *Smith*, 140 Misc. 34; *Andrews* v. *Durant*, 18 N. Y. 496; *Corn Exchange Bank* v. *Peabody*, 111 App. Div. 553; *Flagler* v. *Hearst*, 91 App. Div. 12; *Booth* v. *Powers*, 56 N. Y. 22; *McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303.) V. Interest is allowed as a matter of law in trespass cases. (*Sciaky* v. *Rodgers & Hagerty, Inc.*, 277 N. Y. 483; *Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co.*, 269 N. Y. 672; *Wehle* v. *Haviland*, 69 N. Y. 448.) VI. Plaintiff's claim for damages represents a pecuniary loss which the jury was able to, and did, ascertain with reasonable certainty as of a fixed date. Plaintiff is, therefore, entitled to interest as a matter of law. (*Faber* v. *City of New York*, 222 N. Y. 255; *Blackwell* v. *Finlay*, 233 N. Y. 361; *Prager* v. *New Jersey Fidelity and Plate Glass Ins. Co.*, 245 N. Y. 1; *Sweeny* v. *City of New York*, 173 N. Y. 414; *General Supply & Construction Co.* v. *Goelet*, 241 N. Y. 28; *Andrews* v. *Durant*, 18 N. Y. 496; *O'Gorman* v. *Kaplan*, 198 N. Y. S. 221; *McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303; *Govin* v. *de Miranda*, 140 N. Y. 474.) VII. Plaintiff is entitled to interest on the verdict pursuant to section 480 of the Civil Practice Act. (*Demms* v. *Blanchard*, 150 Misc. 867; *Miller* v. *Foltis Fisher, Inc.*, 152 Misc. 24; *Case* v. *Hardenbrook*, 238 App. Div. 169, 263 N. Y. 630; *Smith* v. *Ryan*, 191 N. Y. 452; *Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237; *Katz* v. *Nichols*, 48 N. Y. S. 2d 640.)

*Ralph M. Carson, Clarence Fried* and *Franklin S. Wood* for respondent. I. The Trial Justice properly denied plaintiff's motion to add interest to the verdict. (*Grobe* v. *Kramer,* 178 Misc. 247, 266 App. Div. 768; *Faber* v. *City of New York,* 222 N. Y. 255; *Wilson* v. *City of Troy,* 135 N. Y. 96.) II. The plaintiff in tort actions such as this is not entitled to interest as a matter of right. (*Wilson* v. *City of Troy,* 135 N. Y. 96; *White* v. *Miller,* 78 N. Y. 393; *Security Sav. Bank* v. *Kellems,* 274 S. W. 112; *Hegarty* v. *Hegarty,* 52 F. Supp. 296; *Faber* v. *City of New York,* 222 N. Y. 255; *Gray* v. *Central Railroad Co. of New Jersey,* 157 N. Y. 483; *American Castype Corp.* v. *Niles-Bement-Pond Co.,* 177 Misc. 13.) III. Plaintiff would not be entitled to interest even under section 480 of the Civil Practice Act. (*Roberts* v. *Larsen,* 29 N. Y. S. 2d 311, 262 App. Div. 764, 287 N. Y. 652; *Ketcham* v. *Wilbur,* 256 N. Y. 525; *Greater New York Coal & Oil Corp.* v. *Philadelphia & Reading Coal & Iron Co.,* 278 N. Y. 270; *Klausner* v. *Queens Fur Dressing Co.,* 130 Misc. 579.)

LOUGHRAN, Ch. J. By leave of the Appellate Division, the plaintiff brings here for decision the following question certified: "Upon the facts presented herein, where the plaintiff was awarded a verdict in the sum of $350,000.00 in an action for fraud and duress, should the Trial Court have granted plaintiff's motion for an order directing that the sum of $107,508.33 be added as interest to the said verdict herein from January 17, 1941, the date of the wrong, to the date of the rendition of the verdict?" We are to say whether the plaintiff is entitled to such interest as matter of law. The answer of both courts below was in the negative.

The Trial Term Judge took his stand upon *Faber* v. *City of New York* (222 N. Y. 255). In that case, the question was whether interest should be allowed upon a claim of damages for extra work done in performance of a contract. This court there said: "The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. To-day, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test

is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards?" (P. 262.) In the *Faber* case, the plaintiff sued for $159,180. The verdict was for $79,590. Because of that discrepancy and because the plaintiff's extra work had no established market value, a recovery of interest was denied. In the present case, the defendant made misstatements and threats and as the result thereof the plaintiff parted with certain corporate stock for less than its true value. The loss thereby inflicted upon the plaintiff was found by the jury to be $350,000. Since the stock was closely held and was not dealt in on any exchange or in any market, the value thereof was not ascertainable with reasonable certainty as of a fixed day either by computation alone or by computation in connection with generally recognized standards. "The value of this stock [said the Trial Judge] was a straight question of fact presented to the jury on widely divergent testimony." In that state of the record, the plaintiff's motion for an order adding interest to the verdict was rightly denied, if our decision in the *Faber* case was here applicable.

The *Faber* case was decided in 1918. The rule thereby declared was a procedural limitation of liability for interest on contract claims of uncertain amount. In 1927 (L. 1927, ch. 623), section 480 of the Civil Practice Act was amended by the incorporation therein of a provision which now reads as follows: "In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded." As thus amended, section 480 means that interest must be paid on a pecuniary loss caused by breach of contract even in a case where the defendant could not determine on any fixed date what was due. (*Preston Co.* v. *Funkhouser,* 261 N. Y. 140, 145, affd.

290 U. S. 163.) The reasons for that statutory innovation are reasons of policy and justice. " The party not performing should not deprive the party not in fault of the use of his money without paying therefor." (*Preston Co.* v. *Funkhouser, supra,* at p. 145.) Consequently, the rule of the *Faber* case no longer stands in the way of a full recovery of interest as an incident of liability arising from the violation of a contractual obligation.

The plaintiff tries to bring himself within the above amendment of section 480 of the Civil Practice Act by describing the present action as one for breach of a contract implied in law. We cannot adopt that characterization. There is of course authority for saying that restitution of a benefit obtained by fraud may be compelled in an action of assumpsit. But such a theory of action is here excluded by the plaintiff's complaint and by the position he took at the trial, as well as by the question certified to us by the Appellate Division, all of which stamp the present action as a prosecution for fraud or duress. The above amendment of section 480 provides for the addition of interest to a principal sum awarded by verdict, report or decision for breach of contract, and that amendment, therefore, has no bearing upon tort actions of the kind here maintained by this plaintiff. Nor is there any warrant for his assumption that a contrary viewpoint was taken in *Weprin & Glass Building Corp.* v. *Rosoff Subway Constr. Co.* (269 N. Y. 672) and *Sciaky* v. *Rodgers & Hagerty, Inc.* (277 N. Y. 483). To be sure, the tort in both of those cases was trespass to real property; still the recovery in each case was had upon a covenant whereby the obligor had contracted to indemnify the property owner against such a wrong; hence in each case interest was necessarily added to the verdict in compliance with the command of section 480.

The plaintiff is right, however, in his contention that the former rule of the *Faber* case (*supra*) was never regarded by this court as relevant where, as here, the main question was one of liability for a wrong to possession or property. Again and again, awards of interest made in such cases have been sanctioned by us without any inquiry in respect of the ability of the defendant to ascertain with reasonable certainty the extent of the loss he had caused. (See *Andrews* v. *Durant,*

18 N. Y. 496; *Parrott* v. *Knickerbocker Ice Co.*, 46 N. Y. 361; *McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303; *Wehle* v. *Haviland*, 69 N. Y. 448; *Wilson* v. *City of Troy*, 135 N. Y. 96.) Indeed in the case last cited — an action for injury to property — this court took pains to declare the inapplicability of " the cases arising upon contract in which it has been held that interest is not allowable ". (*Wilson* v. *City of Troy*, *supra*, at p. 106.)

We come then to the question whether the plaintiff is entitled to interest as matter of law. Under a long-settled New York rule, interest is recoverable of right in actions for trespass and conversion, whereas in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury. (See *Wilson* v. *City of Troy*, 135 N. Y. 96, *supra*.) Such a distinction is manifestly unsound, because interest is essential to complete indemnity in both classes of cases. But no decision of this court makes the recovery of interest a matter of discretion where, as here, damages are demanded for a money loss caused by fraud or duress. More than that, *Reno* v. *Bull* (226 N. Y. 546) — an action for fraud — is authority the other way. This court there said that the true measure of damage in such an action is the actual pecuniary loss sustained, with interest from the time of the wrong. (P. 553.) (See, also, *Shaw* v. *Gilbert*, 111 Wis. 165; *Nichol* v. *Sensenbrenner*, 220 Wis. 165; *Vernson* v. *Baker*, 124 Kan. 575.) The same legal measure of liability should, we think, be here enforced, though the present action may be deemed to be one for duress rather than one for fraud (Restatement, Torts, § 871, comment f); that is to say, the plaintiff is in either event entitled as matter of law to a recovery of the interest now demanded by him.

Several questions of practice remain. The complaint contained no specific demand for interest; the plaintiff made no request that his right to interest be declared by the jury; nor did he give notice of his present motion for a recovery of interest until after expiration of the term at which this case was tried. Nothing turns on any such omission in cases where, under section 480 of the Civil Practice Act, the addition of interest to a verdict is matter of right. (Cf. *Greater New York Coal & Iron Corp.* v. *Philadelphia & Reading Coal & Iron Co.*,

278 N. Y. 270; *Weprin & Glass Building Corp.* v. *Rosoff Subway Constr. Co.,* 269 N. Y. 672, *supra*; Civ. Prac. Act, § 479.) On the analogy of that practice, the plaintiff, we think, should be held to be none the worse for his failure sooner to bring forward the issue that we now decide in his favor.

The orders should be reversed, the question certified should be answered in the affirmative and the motion granted, with costs to the plaintiff in all courts.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Orders reversed, etc.