E. R. SQUIBB & SONS INTER-AMERICAN CORPORATION, Plaintiff, *v.* SPRINGMEIER SHIPPING COMPANY, INC., et al., Defendants, and PENNSYLVANIA RAILROAD COMPANY et al., Impleaded Defendants.

Supreme Court, Special Term, New York County, April 8, 1949.

*Frederick H. Koschwitz* for Springmeier Shipping Company, Inc., defendant.

*Sidney N. Zipser* for plaintiff.

BOTEIN, J. This is a motion to resettle a judgment so as to strike therefrom provision for the payment of interest from June 15, 1945, the time of the accrual of the action. At the conclusion of the trial, without a jury, the court found that the plaintiff was entitled to recover in a suit brought for damage to a shipment of merchandise consisting of collapsible metal tubes. The defendant now asserts that it was error to allow interest from June 15, 1945, since the action sounds in tort, while section 480 of the Civil Practice Act provides explicitly for interest as awarded herein only in an " action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied * * * ".

The complaint alleges and the evidence was that the defendant carrier undertook to deliver to the plaintiff, as consignee, a shipment of metal tubes under bill of lading and that in transit the merchandise was damaged. Negligence is not alleged nor does the complaint recite any promise or agreement other than is implicit in the allegation that the shipment was under bill of lading. Although the action was placed on the contract calendar, the proof submitted at the trial by the plaintiff was shaped upon the theory of the defendant's negligence.

A bill of lading does, as plaintiff contends, constitute a contract of carriage. (*Will Co.* v. *Canadian Nat. Ry. Co.*, 216 App. Div. 239; *Kaufman* v. *Pennsylvania R. R. Co.*, 47 N. Y. S. 2d 639.) But the obligation here sued upon is not an express obligation created by the terms of the bill of lading. If there was any obligation to deliver the merchandise in good condition, it was an obligation based upon the general duty of the common carrier with respect to goods entrusted to its care. (*Miller* v. *Steam Navigation Co.*, 10 N. Y. 431; *Fein* v. *Weir*, 129 App. Div. 299; *Gardiner* v. *New York Central & H. R. R. R. Co.*, 139 App. Div. 17.) While that duty might be analogized to an " implied warranty " (Prosser on Torts, p. 569), thereby bringing this action within section 480 (cf. *Miller* v. *Foltis Fisher, Inc.*, 152 Misc. 24), I conclude that the interest must be here allowed for other and more basic reasons.

Section 480 does not preclude recovery of interest in noncontract actions. (*Flamm* v. *Noble*, 296 N. Y. 262.) The governing consideration in the allowance of interest is to provide the injured suitor with full indemnification. (*Flamm* v. *Noble, supra*, p. 268; *Wilson* v. *City of Troy*, 135 N. Y. 96, 104.) Full indemnification includes recovery by the suitor from the defendant for " the use of his money without paying therefor ". (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140, 145.) Consequently, recovery of interest has been allowed in noncontract actions where damages were unliquidated. (*Wilson* v. *City of Troy, supra; Flamm* v. *Noble, supra*, pp. 267–268.) More particularly, interest may be allowed for injury to personal or real property. (*Wilson* v. *City of Troy, supra; Frazer* v. *Bigelow Carpet Co.*, 141 Mass. 491; cf. *Kapilow* v. *Prior*, 51 N. Y. S. 2d 365.)

Under the foregoing rule it was, at the least, within the court's discretion to allow interest herein. If the action be one in contract plaintiff was entitled to interest as a matter of right under section 480; and if the action be construed as one in tort for injury to personal property of the plaintiff,

then the court was empowered to allow interest under the doctrine of *Wilson* v. *City of Troy* (*supra*).

Accordingly, it was appropriate to allow interest in this case. The recovery here was not for future losses resulting from a past injury; here the monetary loss was suffered by the plaintiff *eo instanto* — when the wrong occurred. Plaintiff has therefore been deprived of the use of funds to which it has been entitled since the accrual of the action. The principle of compensation requires the recovery of interest to cover the period from the accrual of the action to the date of recovery.

Motion in the first branch, seeking to strike from the judgment the allowance of interest, is denied. Motion in its second and third branches, seeking respectively to correct a recital in the judgment and to obtain a stay is granted. Settle order.