23 WEST STREET CORPORATION, Plaintiff, *v.* GIBBS & COX, INC., Defendant.

First Department, July 7, 1953.

*Leonard P. Moore* of counsel (*Edward R. Neaher* with him on the brief; *Chadbourne, Parke, Whiteside, Wolff & Brophy*, attorneys), for plaintiff.

*Walter Gordon Merritt* of counsel (*H. George Carroll* and *Thomas P. Dwyer* with him on the brief; *McLanahan, Merritt & Ingraham*, attorneys), for defendant.

DORE, J. P.  Plaintiff is landlord and owner in fee of a thirty-three-floor office building in the borough of Manhattan; defendant is and for some years prior to June, 1949, was a statutory tenant in the building occupying space, the emergency rent for which was $242,773.91 per annum.  In this submission of controversy between the parties on an agreed statement of facts under sections 546 and 548 of the Civil Practice Act the issue is whether defendant, tenant, must pay to plaintiff, landlord, any interest on respective installments of rent increased retroactively after an alternative proceeding brought by the landlord for a rent increase under the Business Rent Law; and, if so, from what date the interest should be computed.

On June 17, 1949, the landlord commenced an alternative proceeding under the Business Rent Law (L. 1945, ch. 314, § 4, subd. 2, as amd.) to fix the tenant's reasonable rent in excess of the emergency rent.  On December 8, 1950, the Official Referee to whom the issues were referred to hear and determine granted the landlord a 15% increase, amounting annually to $36,416.09, over the emergency rent, making the total rent to be paid by the tenant $279,190 per annum, retroactive to June 17, 1949, the date of the filing of the landlord's petition.

On tenant's appeal, this court, on July 20, 1951, modified the order of December 8, 1950, by reducing the said reasonable rent to $262,466.77 per annum.  On cross appeals to the Court of Appeals, the Court of Appeals on January 17, 1952, reversed this court (303 N. Y. 404) holding that the weight of the evidence supported the findings of the Official Referee but reduced the cost of cleaning chargeable to the tenant by $21,423.18 and so modified but otherwise affirmed the Official Referee's order.  On the remittitur from the Court of Appeals, a resettled order was finally entered at Special Term on April 2, 1952, fixing the rent pursuant to the decision of the Court of Appeals at $260,251.82 per annum effective from and after June 17, 1949, without prejudice, however, to the landlord's claim for interest.

During pendency of the proceedings including the appeals, the tenant continued to pay the monthly emergency rent at the rate of $242,773.91 per annum without increase.  By reason of the

final adjudication, the tenant owed the landlord $48,233.60 for the increased rent from June 17, 1949, to February 29, 1952, and paid the same with the understanding however that the landlord's acceptance thereof would be without prejudice to its claim for interest.

On submission of the final order to be entered on the remittitur of the Court of Appeals, the landlord made a demand for interest on the unpaid balance from June 17, 1949, to the date of payment.

As indicated above, the issue is whether upon the stipulated facts the landlord is entitled to judgment against the tenant for interest on the respective installments of retroactively increased rent, and from what date such interest, if any, shall be computed. The parties have agreed upon the mathematical computation of interest on the respective installments of increased rent as follows:

1. From June 17, 1949, date of the institution of the alternative rent proceeding, to February 29, 1952 — $4,010.33.

2. From December 8, 1950, date of judgment of Official Referee, to February 29, 1952 — $2,793.96.

3. From January 17, 1952, date of the decision of the Court of Appeals, to February 29, 1952 — $327.13.

The landlord essentially contends that defendant as a statutory tenant by reason of the amendment of the Business Rent Law assumed an obligation to pay a higher rent retroactively if ordered by the court and that necessarily included the obligation to pay interest from the date the higher rent was retroactively found to be due; viz., June 17, 1949; that such duty to pay higher reasonable rent is founded on a contract implied in law and the tenant could have determined roughly what was due on December 8, 1950, when the Official Referee's final order was signed; and, accordingly, under the general principles of law applicable to interest and under section 480 of the Civil Practice Act, the interest accrued was readily computable after December 8, 1950; that the appeals did not affect the finality of the order of December 8, 1950, or stop the running of interest on the retroactive unpaid rent; that during the time of the appeals, defendant, tenant, had the use of the money representing increases in rent retroactively ordered, whereas the landlord was deprived of that use though it had to continue paying the expenses of operating the premises at the increased cost; that no demand for the interest was necessary; and, accordingly, the landlord demands judgment in the sum of $4,010.33.

Defendant, tenant, basically contends that as a statutory tenant defendant's occupancy of the premises did not arise out of any contract express or implied; and, that accordingly, section 480 of the Civil Practice Act relating to interest in action on breach of contract has no application; that the Legislature in amending the statute determined that the landlord in a proper case was entitled to receive rent increases dating retroactively from the time of the application but made no provision whatever for payment of interest on such retroactive increase; that while the tenant continued to pay its rent at the old rate without any increase throughout the litigation to the Court of Appeals, the landlord made no claim for interest until after the Court of Appeals decision; and, accordingly, defendant contends that there was no duty imposed on it by statute or otherwise to pay interest on the increased rental; and that judgment should be rendered in favor of defendant.

Section 480 of the Civil Practice Act, relied on by the landlord, provides that in every action based upon the breach of contract, express or implied, interest shall be recovered on the principal sum whether liquidated or unliquidated. But in *Stern* v. *Equitable Trust Co.* (238 N. Y. 267, 269–270) the Court of Appeals, with regard to occupancy of premises by a statutory tenant, held that the tenant remains in possession '' not by virtue of any agreement, express or implied, either as to duration of term or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain '' (cf. also *Wasservogel* v. *Meyerowitz,* 300 N. Y. 125, 127, 131). We think that the second sentence of that section on which plaintiff relies does not support the landlord's claims herein for interest.

The Business Rent Law effective March 28, 1945, declared as a matter of public policy that the maximum rent for office, store or other business space should be at a level not exceeding 15% above the rents charged on June 1, 1944, or at a level otherwise determined in certain states of fact as set forth therein (L. 1945, ch. 314, as amd.) and that any rent exceeding the emergency rent was deemed unjust and oppressive. Thereafter the Legislature amended the law in favor of landlords and provided for the alternative proceeding to fix rents permitting the landlord to secure rent increases not exceeding 15%. In the 1950 session the Legislature made other amendments also in favor of landlords, effective March 31, 1950, providing *inter alia* that the rent so recovered should be retroactive from the date the landlord's application was made (L. 1950, ch. 326, as amd.). Con-

cededly, however, that statute amending the law and making retroactive the rent, made no provision whatever for the payment of interest on the amount of any such retroactive increase. The Legislature, of course, knew that there would be a period between commencement of the proceeding and termination; nevertheless it did not provide for interest.

Though some courts including this court (*Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div. 685) held even before the amendment of March 31, 1950, that the reasonable rent should be determined as of the date of the application, nevertheless the Legislature deemed it necessary to make an amendment to the statute providing that the landlord was entitled to the reasonable rent " dating from the time the application was made ". Retroactive operation of statutes is not favored and amendments usually have prospective application only, unless the language clearly indicates, as it does in the amendment here in question, that it shall receive a contrary interpretation. In any event, when the case before us was tried before the Official Referee, the rent was retroactive by reason of the fiat and compulsion of the amendatory statute which did not, however, provide for any interest on the retroactive rent.

We agree that if the first sentence of section 480 of the Civil Practice Act were applicable and complied with, demand by plaintiff was not necessary (*Flamm* v. *Noble,* 296 N. Y. 262, 268).

The first sentence of section 480 of the Civil Practice Act, so far as here relevant, provides for the addition of interest as a matter of right " in any action " where " final judgment is rendered for a sum of money awarded by a verdict  *  *  *  or decision " from the time the verdict was rendered or the decision was made " to the time of entering judgment " and such interest " must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment ". Concededly here no judgment was entered either on the decision of the Official Referee or on the modification of this court, or, as yet, on the decision of the Court of Appeals. That first sentence on the facts stipulated and the law applicable is not here controlling. The statute does not authorize interest and there has been no judgment for money rendered in the proceeding.

For the reasons stated, we hold that interest did not run on the retroactive increase in rent.

Judgment is accordingly directed, without costs in favor of defendant.

CALLAHAN, BREITEL and BERGAN, JJ., concur; COHN, J., dissents and votes to allow interest from the date of the decision in the Court of Appeals, January 17, 1952, to February 29, 1952, amounting to $327.13.

Judgment directed in favor of defendant. Settle order on notice.