HARMON & REGALIA, INC., Respondent, v. CITY OF NEW YORK et al., Appellants, et al., Defendant.—Judgment unanimously modified so as to provide for interest to run against defendant, the City of New York, from January 18, 1950, and, as so modified, affirmed, with costs to the respondent. On the evidence, the jury could reasonably have resolved the issue of negligence and contributory negligence in favor of plaintiff as against all defendants. The trial court properly allowed interest to plaintiff, as a matter of law. Such an allowance has been recognized in an action for injury to property through negligence (*Flamm v. Noble,* 296 N. Y. 262, 269; *Squibb & Sons Inter-Amer. Corp.* v. *Springmeier Shipping Co.,* 194 Misc. 813; *A. L. Russell, Inc.,* v. *City of New York,* 138 N. Y. S. 2d 455). As to defendant City of New York, however, it is conceded by plaintiff that interest should have been allowed only from the date when demand was made upon the comptroller, namely, January 18, 1950 (cf. *Rapid T. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472, 495). Settle order on notice. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

■

SALLY Y. JONES, as Administratrix of the Estate of HELEN D. JONES, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants, and HOSPITAL FOR JOINT DISEASES, Appellant.—Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, unless plaintiff stipulates to reduce the amount awarded to the sum of $9,000 in which event the judgment, as so modified, is affirmed, without costs. On this record the amount awarded is excessive. Settle order on notice. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING HANERFELD, Appellant, et al., Defendant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

■

REGINA LEVY, Respondent, v. FIREMAN'S FUND INDEMNITY COMPANY, Appellant.— Plaintiff's claim in her first cause of action that the schedule of specific losses enumerated in Part I of the policy did not apply to her irrecoverable loss of sight of an eye is untenable. Plaintiff's cause of action is under Part I of the policy as set forth in the second cause of action. Plaintiff was entitled to the partial summary judgment she recovered. Defendant's cross-motion for summary judgment was properly denied. The question which remains for trial is when the loss of plaintiff's sight became "irrecoverable". Determination unanimously affirmed, with costs to the respondent. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post,* p. 1011.]