George W. WHITE, individually and as administrator of the Estate of Dorothy L. White, deceased, Plaintiff,

v.

Raymond ZUTELL, Jr., as administrator de bonis non of the Estate of Raymond Zutell, deceased, and Raymond Zutell, Jr. and Joan Zutell, as executor and executrix, respectively, of the Estate of Irene Zutell, deceased, Defendants.

United States District Court
S. D. New York.
April 28, 1958.

568

Hawkins, Delafield & Wood, New York City, for plaintiff, Clarence Fried, William D. Greene, New York City, of counsel.

Bounds & Wourms, New York City, for defendants, Julius S. Christensen, New York City, of counsel.

LEVET, District Judge.

The sole question for present determination in this case is whether or not the judgment to be entered in favor of the plaintiff, George W. White, on his verdict of $3,000 for property damage is to include an award for interest at 6% from December 6, 1950. On that date, plaintiff's 1951 Packard sedan automobile was destroyed in a collision with an automobile driven by Raymond Zutell, defendants' deceased, on a highway in the state of New Mexico.

During the course of the trial, it was stipulated by counsel that the value of plaintiff's automobile was $3,000 at the time of the accident.[1] However, this stipulation is not determinative of the interest question since no reference to interest was made therein.

Jurisdiction here is based upon diversity of citizenship. Therefore, this court, which heard the action, must look to the conflict of laws rule of New York in determining whether the New York or the New Mexico law with respect to interest on awards is applicable. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

If interest were to be determined under the New York rule, the plaintiff would undoubtedly be entitled to interest on this verdict from the date of the accident. See Flamm v. Noble, 1947, 296 N.Y. 262, 72 N.E.2d 886, 171 A.L.R. 812; Harmon & Regalia, Inc., v. City of New York, 1st Dept. 1955, 286 App.Div. 825, 141 N.Y.S.2d 877; A. L. Russell, Inc., v. City of New York, Sup.Ct.N.Y.Co.1954, 138 N.Y.S.2d 455; Newburgh Land & Dock Company v. Texas Company, 2 Cir., 1955, 227 F.2d 732.

However, under New Mexico law, the plaintiff would apparently be entitled to interest only from the date of entry of judgment.

Article 6, Chapter 50, Section 3 of the New Mexico Statutes of 1953 provides for interest at the rate of 6% per annum on judgments and decrees for the payment of money when no other rate is expressed. While this statute does not affirmatively preclude an award of interest for a period prior to the entry of judgment, it does so inferentially. See Roswell State Bank v. Lawrence Walker Cotton Co., Inc., 1952, 56 N.M. 107, 240 P.2d 1143; United States Trust Co. of New York v. Territory, 1900, 10 N.M. 416, 62 P. 987, affirmed 1902, 183 U.S. 535, 22 S.Ct. 172, 46 L.Ed. 315.

The conflict of laws rule with respect to interest on property damage claims,

---

[1] "Mr. Christensen [trial counsel for defendants]: We will stipulate that the value of the loss of his car was $3,000, it being stipulated that when I come to my case the value of the loss of my car was $2,500.

"Is that right?

"Mr. Fried [trial counsel for plaintiff]: So stipulated.

"The Court: All right. It is stipulated that the value for this purpose of the Packard car of plaintiff at that time was $3,000, and it has been stipulated that there was a total loss, whatever the cause may have been, and there will be a stipulation of like character with respect to the other car, the Zutell car." (pp. 39–40, Court Reporter's transcript.)

adopted by the Restatement of the Law of Conflict of Laws, is as follows:

"§ 419. Interest on Injury to Property.

"The rate of interest allowed as a part of the damages for injury to property by a tort is determined by the law of the place of wrong."

The restatement rule is manifestly sound since it tends to create uniformity in interest awards among the states for claims of like nature arising out of the same accident, and thereby discourages litigants from shopping for favorable jurisdictions in which to commence suit. In the case at bar, it would prevent the questionable result of an award in New York being larger than that which would have been rendered in New Mexico had the action been brought there.

There appears to have been no New York case in which this precise conflict of laws problem has been faced and resolved. The New York courts have followed the law of the place of wrong with respect to awarding interest in death actions arising outside of New York. See Frounfelker v. Delaware, L. & W. R. Co., 1st Dept. 1902, 73 App.Div. 350, 76 N. Y.S. 745; Kiefer v. Grand Trunk Ry. Co., 4th Dept. 1896, 12 App.Div. 28, 42 N.Y.S. 171, affirmed 153 N.Y. 688, 48 N.E. 1105; Maynard v. Eastern Air Lines, 2 Cir., 1949, 178 F.2d 139, 13 A. L.R.2d 646; Kendall v. United Air Lines, 2 Cir., 1952, 200 F.2d 269; Frasier v. Public Service Interstate Transportation Company, 2 Cir., 254 F.2d 132. However, the basic right of recovery in the above-mentioned cases was predicated upon the statutory law of the foreign jurisdiction in which the wrong occurred and, therefore, they are not determinative of the New York conflict of laws rule with respect to awarding interest on out of state property damage claims.

McCormick v. Pennsylvania Central R. Co., 1872, 49 N.Y. 303, cited by the plain-

tiff, similarly is not determinative of this problem. The action there involved was one of trover for the conversion of plaintiff's luggage which took place in Pennsylvania. In arguing the interest question, the defendant apparently did not cite Pennsylvania authorities (see synopsis of appellant's argument commencing in 49 N.Y. at page 305 et seq.). The Court of Appeals held that plaintiff was entitled to interest from the date of conversion on any recovery which he might obtain in a new trial, citing New York cases. While there may have been a different interest rule in Pennsylvania,[2] there is no indication from the McCormick opinion, supra, that the New York court had been informed of its existence.

In Home Insurance Co. v. Pennsylvania R. Co., 1877, 11 Hun, N.Y., 182, which was an action for negligent injury to Pennsylvania real estate, the court held that the allowance of interest as part of the damages was a matter for the discretion of the jury. The opinion contains no citation of authority on this point, and it is impossible to determine whether the court considered Pennsylvania law.

In Black v. Camden & Amboy Railroad & Transportation Co., 1865, 45 Barb., N.Y., 40, the plaintiff sued to recover damages on a lot of cattle delivered to the defendant to be carried from Philadelphia to New York. The cattle were alleged to have been injured by the negligence of the defendant's employees. The court held that interest was a question for the jury. The decision contains no discussion as to where the alleged wrong occurred or where the injury to the cattle was sustained. This case, therefore, is of doubtful significance with respect to any conflict of laws rule.

There being no settled New York conflict of laws rule with respect to interest on out of state property damage claims, this court is free to apply the restate-

2. In School Dist. of City of Carbondale v. Fidelity & Deposit Co. of Maryland, 1943, 346 Pa. 491, 31 A.2d 279, the court stated: "In cases sounding in tort or for unliquidated damages, interest does not run until the amount is fixed by the verdict: Act April 6, 1859 P.L. 381, Sec. 1, 12 P.S. § 781: * * *." 31 A. 2d at page 280.

ment rule as the one most likely to be adopted by the New York courts when the occasion therefor arises.

Accordingly, it is my determination that the New Mexico interest rule is controlling in the instant case and that plaintiff is, therefore, not entitled to an award of interest on his property damage claim.

So ordered.