J. Irwin Shapiro, J.
Defendant applies for an order “ vacating the judgment entered herein on April 13, 1959 or in the alternative striking therefrom the allowance of interest in the sum of $32,605.02 and correcting and reducing said judgment accordingly ”.
The plaintiff instituted this action on a complaint which alleged two causes of action. The first set forth that the plaintiff (on behalf of its assured — both of whom will hereafter be designated as the “ plaintiff ”) paid one John McShane $49,000 to compensate him for personal injuries; that the acci *964 dent which caused said injuries was due to the primary and active negligence of the defendant and that the plaintiff was liable to said McShane solely by reason of its passive negligence and that, therefore, the plaintiff was entitled to recover from the defendant the amount of said settlement of $49,000, plus the sum of $791.35 expended by it for counsel fees, etc. in the McShane action prior to the settlement thereof. The second cause of action was upon the claim that there was an express agreement of indemnity wherein the defendant agreed to hold plaintiff harmless.
At Trial Term the complaint was dismissed, but upon appeal the Appellate Division (7 A D 2d 1012) reversed the judgment of dismissal on the first cause of action and granted the plaintiff judgment thereon because it “is entitled to indemnity from respondent [defendent], the active tort-feasor.” The court then went on to say that plaintiff “ makes no claim that it is entitled to indemnity from respondent by reason of the above-mentioned indemnity agreement set forth in the second cause of action” and, therefore, it did not consider “ that question on this appeal ” (p. 1014).
Thus, the plaintiff’s right to a judgment against the defendant in the sum of $49,791.35 was based solely on the first cause of action — the one that sought a recovery not on the basis of an express agreement of indemnification, but solely on an agreement of indemnity implied in law from the relationship of the parties.
Without notice to the defendant, plaintiff entered judgment before the clerk on the order of the Appellate Division in the sum of $49,791.35, plus interest in the sum of $32,605.02 from May 14, 1948 (erroneously referred to in the judgment, as entered, as May 14,1958). The question now before the court is whether the judgment should be modified by eliminating the allowance of interest.
Defendant, in support of its position, contends that judgment was awarded against it by the Appellate Division “ only on the negligence count ” of the complaint and that there is no warrant, therefore, for the inclusion of any interest in the judgment. Furthermore, says the defendant, interest was never demanded “ in the complaint, at the trial, or before the Appellate Division ”.
To contend, as does defendant, that plaintiff recovered ‘ ‘ only on the negligence count ” does not meet the issue. The plaintiff did not recover because the defendant was negligent as against it,- but because defendant’s affirmative and active negligence caused plaintiff to be held liable to a third person (McShane) *965 which, in turn, gave rise to an obligation or contract or promise, implied in law, to make the plaintiff whole, i.e., to indemnify the plaintiff.
In this very case, the Appellate Division (p. 1013), in its opinion, said: “ It follows that appellant is entitled to be indemnified by respondent because the negligence of Consolidated was passive, whereas that of respondent was active.” (Emphasis supplied.)
In discussing the rights of a passive tort-feasor to recover over against the active tort-feasor, the Court of Appeals in McFall v. Compagnie Maritime Belge (304 N. Y. 314, 328) said: “ The right to indemnity * * * springs from a contract, express or implied, and full, not partial, reimbursement is sought. Where several tort-feasors are involved, an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence * * * against the one who has been actively negligent.” (Emphasis supplied.)
In Wakefield v. New York Edison Co. (179 N. Y. S. 605), the Appellate Term, First Department, said: “ That there is a contract of indemnity as matter of law in favor of one legally liable for the negligence of another is well settled.”
Thus, the conclusion appears inescapable that though the foundation for the defendant’s liability is its original active negligence, its liability herein as against the plaintiff is based upon the implied contract of indemnity arising from their joint relationship to the person injured.
If there is such a relationship, and an implied contract of indemnity arises therefrom, irrespective of the absence of an express contract of indemnity, and this court so holds, then section 480 of the Civil Practice Act is clearly applicable. So far as pertinent here, it provides: “ In every action wherein any sum of money shall be awarded by * * * decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded.” (Emphasis supplied.)
Under that section, it matters not whether the contract arises by operation of law or by express agreement between the parties; Interest follows as a matter of course in either situation. (Village of Elmira Heights v. Town of Horseheads, 234 App. Div. 270, affd. 260 N. Y. 507; Miller v. Foltis Fisher, Inc., 152 Misc. 24; Wischnie v. Dorsch, 196 Misc. 679; Brown v. Godefroy Mfg. Co., 278 App. Div. 242.)
*966 The second point raised by the movant, to wit, that the complaint did not demand nor the ■ appellate court award interest, is immaterial since plaintiff’s right to interest, under the circumstances, was absolute. In Flamm v. Noble (296 N. Y. 262, 268) the same contention was raised and rejected, the court saying: “ The complaint contained no specific demand for interest; the plaintiff made no request that his right to interest be declared by the jury; nor did he give notice of his present motion for a recovery of interest until after expiration of the term at which this case was tried. Nothing turns on any such omission in cases where, under section 480 of the Civil Practice Act, the addition of interest to a verdict is matter of right.”
In Hart v. United Artists Corp. (252 App. Div. 133, 139), the court said: “ Under section 480 of the Civil Practice Act, the addition of interest to the damages flowing from a breach of contract is mandatory. Interest must be added from the date of the breach.” (See, also, to the same effect: 25 West St. Corp. v. Gibbs & Cox, 282 App. Div. 362; Huxley-Westfried Corp. v. New York Foreign Trade Zone Operators, 121 N. Y. S. 2d 792; Cohen v. Cocoline Prods., 150 N. Y. S. 2d 815.)
The date of breach set forth in the complaint — May 14, 1948 — the date plaintiff paid McShane is not disputed. Defendant does not complain of any error in the mathematical computation of the interest or that for some other reason it is incorrect. The clerk was, therefore, required as a matter of law, under section 480 of the Civil Practice Act, to accept the judgment with interest included, irrespective of the fact that the decision did not mention interest. (Greater N. Y. Coal & Oil Corp. v. Philadelphia & Reading Coal & Iron Co., 278 N. Y. 270.)
Even if plaintiff had entered its judgment without interest and had thereafter discovered its error in that regard, it would not be precluded from obtaining the right to enter an amended judgment, with interest included, because “ The correction was a mere amendment of the judgment to conform to a mandatory proviso of law ” (McLaughlin v. Brinckerhoff, 222 App. Div. 458).
The motion is in all respects denied, except that if defendant desires, the order to be entered hereon may contain a provision directing that the judgment be corrected by the change of the date from which interest is computed, now set forth therein as May 14,1958, to be and read May 14,1948.
Settle order.