■ ARTHUR L. PURCELL, as Administrator of the Estate of DELLA PURCELL, Deceased, Respondent, v. LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Appellant.— In an action to recover for property damage negligently caused by fire, the defendant appeals from a judgment of the Supreme Court, Kings County, entered October 30, 1959, in favor of plaintiff, after a jury trial. Subsequent to the jury's rendition of its verdict the trial court added interest from the date of the fire. Judgment affirmed, with costs. No opinion. Ughetta, Christ and Brennan, JJ., concur; Beldock, Acting P. J., and Pette, J., concur as to affirmance of the principal amount of the judgment, as found by the jury, but dissent and vote to reverse so much of such judgment as includes interest thereon, with the following memorandum: After the rendition of the verdict, the learned Trial Justice, on plaintiff's motion, added interest from the date of the fire, without having previously submitted to the jury the question as to the propriety of allowing such interest. While in this jurisdiction judgments sounding in contract, whether for liquidated or unliquidated damages, specifically bear interest in favor of the prevailing party (Civ. Prac. Act, § 480), in tort judgments no statutory provision mandates the addition of interest to the recovery effected. In the latter sphere, by judicial construction, interest has been awarded to the plaintiff only where he establishes a case "of liability for a wrong to

possession or property" or where "in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury" (*Flamm* v. *Noble*, 296 N. Y. 262, 267, 268). True it is that the Court of Appeals has criticised this distinction as "manifestly unsound" but in so doing it did not overrule the distinction or declare the law to be otherwise (*Flamm* v. *Noble, supra*, p. 268). It may be that it will do so in an appropriate case, but until it does so specifically the Bench and Bar might well adhere to the prevailing understanding, always followed in our experience, that interest is not an automatic concomitant of a verdict for a plaintiff in a property damage case (7 Carmody-Wait, New York Practice, § 37, pp. 244–246). In the text just cited, it is said: "The allowance of interest is made for the purpose of giving full indemnification to an injured party. Consequently, recovery of interest has been allowed in noncontract actions where damages were unliquidated, and in some classes of tort actions interest is allowed as a matter of right, although in other actions the allowance of interest is a matter of discretion. Under the New York rule where a tort action sounds in conversion or trover, the plaintiff is entitled to interest on the value of the property converted or lost to the owner by trespass, as a matter of law; interest is as necessary a part of a complete indemnity to the owner of property in such case, as the value itself. And in an action for fraud and duress where the plaintiff was led to part with property for less than its true value, he is entitled as a matter of law to interest from the date of the wrong to the rendition of the verdict, added to the verdict even though the value of the property was not ascertainable with reasonable certainty as of any fixed date. And the clerk may be directed by order to add interest to the verdict. But in other tort actions, where property has been destroyed or damaged through the negligence of another, the award of interest in order to afford complete indemnity to the person whose property has thus destroyed or damaged is left to the discretion of the jury. And since the award of interest rests in the discretion of the trier of facts in negligence actions, the court may not direct that interest be added to the verdict where the jury has failed to ward interest. *This rule that in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury has been criticized as being unsound, because interest is essential to the complete indemnity in that class of cases, as well as in cases of conversion.*" (Italics supplied.) As a consequence of the foregoing, in actions where property has been destroyed or damaged through the negligence of another, the award of interest to afford complete indemnity to another has invariably been left to the discretion of the jury (*Wilson* v. *City of Troy,* 135 N. Y. 96; *Regan* v. *City of New York,* 175 App. Div. 861; *Kapilow* v. *Prior,* 51 N. Y. S. 2d 365), unless recovery rests upon an underlying indemnity agreement (*Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co.,* 269 N. Y. 672; *Sciaky* v. *Rodgers & Hagerty,* 277 N. Y. 483; *Flamm* v. *Noble, supra,* p. 267). Since in such actions the award of interest rests in the discretion of the jury, the court may not direct that interest be added to the verdict where the jury has failed to allow it (*Kapilow* v. *Prior, supra; Babino* v. *Martinelli,* 21 N. Y. S. 2d 448). Cases in which an apparently contrary result has been reached, are not on all fours with the case at bar. *Flamm* v. *Noble* (*supra*) was an action founded on fraud and duress. In *Harmon & Regalia* v. *City of New York* (286 App. Div. 825) the First Department seems to have treated the *Flamm* case as "an action for injury to property through negligence". It also appears to have overlooked the fact that one of the cases upon which it relied as authority (*Squibb & Sons Inter-Amer. Corp.* v. *Springmeier Shipping Co.,* 194 Misc. 813) was a non-jury case, while in the other case upon which it relied (*A. L. Russell, Inc.* v. *City of New York,* 138 N. Y. S. 2d 455, 456) the Trial Justice on his own

authority attempted to rectify the "manifestly unsound" tort-interest rule mentioned in the *Flamm* case. In any event, the *Squibb* case was a suit to recover against a carrier for damages to goods in transit; the complaint contained no allegations of negligence; a bill of lading was involved; and as indicated the action was tried before the court without a jury. Mr. Justice BOTEIN, in his opinion in the *Squibb* case, merely held that, under the circumstances, "it was, at the least, within the court's discretion to allow interest herein" (*Squibb & Sons Inter-Amer. Corp.* v. *Springmeier Shipping Co., supra,* p. 814). The *Harmon* and *Squibb* cases, therefore, seem inapplicable to the case at bar where the issues were determined by a jury, and where only after the verdict did the plaintiff move to add interest. Even in jury cases of the instant character "the jury may award interest in their discretion but are not bound to do so" (*Brush* v. *Long Is. R. R. Co.,* 10 App. Div. 535, 540, affd. 158 N. Y. 742, WILLARD BARTLETT, J.). Since the granting of interest lay solely within the province of the triers of the fact in the case at bar, we cannot sanction the allowance of interest by the trial court after the verdict was recorded.