Per Curiam.

After assessment of damages in a property damage action arising out of a collision between two automobiles, judgment was found in plaintiff’s favor in the sum of $1,568.30, the amount demanded in the summons and complaint. Interest was not included in the recovery and hence the Clerk of the court refused to allow interest to be entered on the judgment. A motion was made by plaintiff to direct the Clerk of the court to enter interest on the judgment from the time of the occurrence. The motion was granted and judgment was thereafter entered to include interest.
In Flamm v. Noble (296 N. Y. 262, 268), concerning a cause of action for fraud and duress, the court stated the following: “ We come then to the question whether the plaintiff is entitled to interest as matter of law. Under a long-settled New York rule, interest is recoverable of right in actions for trespass and conversion, whereas in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury. (See Wilson v. City of Troy, 135 N. Y. 96, supra.) Such a distinction is manifestly unsound, because interest is essential to complete indemnity in both classes of cases. But no decision of this court makes the recovery of interest a matter of discretion where, as here, damages are demanded for a money loss caused by fraud or duress. ’ ’ This dicta has been the basis of subsequent decisions. (See A. L. Russell, Inc. v. City of New York, 138 N. Y. S. 2d 455; Harmon & Regalia v. City of New York, 286 App. Div. 825.) However, until recently this Department did not follow the dicta of the Flamm case (supra) but upheld the settled rule that in actions for injuries to property interest may be added in the exercise of discretion. See Johnson v. Scholz (276 App. Div. 163) and Aceto Chem. *479 Co. v. Mascali & Sons (App. Term, 2d Dept., No. 205, Sept. 1958 Term). In Purcell v. Long Is. Daily Press Pub. Co. (11 A D 2d 814), in an action for property damage resulting from a fire, subsequent to the jury’s rendition of its verdict the trial court added interest from the date of the fire. In affirming the judgment the court rendered no opinion. However, the facts appearing in a dissenting opinion indicate clearly that the rule in this Department has now been changed so that interest is allowable in property damage cases as a matter of law.
The order and amended judgment should be unanimously affirmed, with $10 costs.
Concur — Hast, Di Gtovanna and Brown, JJ.
Order and judgment unanimously affirmed, etc.