Fuld, J. (dissenting in part).
I would affirm the judgment in its entirety, for I believe, with the courts below, that the plaintiff is entitled to interest as a matter of law.
There can be no doubt that an award of interest is necessary to afford a plaintiff, whose property has been damaged, full indemnity for the wrong done to him by the defendant. And it is equally indisputable that on principle such a plaintiff, whether his property is lost to him through the defendant’s willfulness or negligence, is entitled to interest, as part of his damages, as a matter of right. Indeed, Chief Judge Loughran said precisely this when, on behalf of a unanimous court, he *260 declared just a few years ago in Flamm v. Noble (296 N. Y. 262, 268): “ We come then to the question whether the plaintiff is entitled to interest as matter of law. Under a long-settled New York rule, interest is recoverable of right in actions for trespass and conversion, whereas in actions for injuries done to property through negligence the allowance of interest is left to the discretion of the jury. (See Wilson v. City of Troy, 135 N. Y. 96, supra.) Such a distinction is manifestly unsound, because interest is essential to complete indemnity in both classes of cases.” (Emphasis supplied.)
Flamm v. Noble dealt with damages occasioned by fraud and duress and, consequently, the court was not called upon to overrule the earlier cases which had created the distinction stamped by the court as ‘ ‘ manifestly unsound ’ ’, but I have no doubt that the court meant what it said and that, had it been necessary for decision, we would have put an end to the distinction thus forthrightly condemned. The case before us does involve damages for negligent injury to property, and we should now do what we said in Flamm — and what the Appellate Division for both the First and Second Departments understood us to say (Harmon & Regalia v. City of New York, 286 App. Div. 825 [1st Dept.]; Johnson v. Scholz, 276 App. Div. 163, 165 [2d Dept.], in addition to case before us, 11 A D 2d 814; see, also, Sandak v. Combs, 26 Misc 2d 478 [App. Term, 2d Dept.])—rand expressly overrule those earlier cases.
Although the majority acknowledges this court’s repeated characterization of the distinction as “ unsound ”, it nevertheless insists that any change in rule ‘ ‘ must * * * await legislative action” (opinion, p. 258). With this, I cannot agree. Since the rule was court-created and court-developed, no obstacle exists to prevent the court from modifying it and announcing the doctrine which, following the modern trend (see Note, 60 Harv. L. Rev. 1158), accords with principles of reason and justice. (See Bing v. Thunig, 2 N Y 2d 656; Woods v. Lancet, 303 N. Y. 349.)
•The rule as originally formulated in this' State, as in England, was' that interest as part of the damages to property in actions of conversion and trespass could only be had at the discretion of the jury. (See Beals v. Guernsey, 8 Johns. 446; Hyde v. Stone, 7 Wend. 354; Bissell v. Hopkins, 4 Cow. 53; Rowley v. *261 Gibbs, 14 Johns. 385.) Recognizing that such a rule was illogical because ‘ ‘ interest is as necessary a part of a complete indemnity to the owner of the property as the value itself, and in fixing the damages, is not any more in the discretion of the jury than the value”, the courts, without waiting for the Legislature to act, “ gradually abandoned ” the rule. (See Wilson v. City of Troy, 135 N. Y. 96, 104.) “ What seemed to be the demands of justice ”, wrote the court in the Wilson case (135 N. Y., at pp. 103-104), “ did not permit the principle to remain stationary, and hence it has been for years in a state of constant evolution.”
The “ demands of justice ” now require recognition that in a case of negligent injury to property, no less than in one of intentional injury, complete indemnity must necessarily include interest on the value of the property damaged. And, just as the courts did not require legislative action to justify allowance of interest as of right where the property was willfully converted, so, there is no need for them to await such action in order to deal justly in those cases where the property has been negligently damaged. What the court itself has created, it may change and, since this court has on at least two occasions criticized the ancient rule as unsound, we should now abandon it and allow the plaintiff interest on the value of the property damaged through the defendant’s carelessness.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke and Foster concur with Judge Froessel ; Judge Fuld dissents in part in a separate opinion.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, without costs.