JOHN H. FAULK, Plaintiff, *v.* AWARE, INC., et al., Defendants.

Supreme Court, Special and Trial Term, New York County, July 13, 1962.

*Phillips, Nizer, Benjamin, Krim & Ballon* (*Louis Nizer, Paul Martinson* and *George Berger* of counsel), for plaintiff. *Saxe, Bacon & O'Shea* (*Thomas A. Bolan* and *John F. Lang* of counsel), for defendants. *Harry G. Liese,* as temporary administrator of estate of Laurence A. Johnson, deceased.

ABRAHAM N. GELLER, J. Plaintiff has moved for an order directing the Clerk to add interest with respect to the verdict for compensatory damages on a prorated basis over the period of six and two-fifths years intervening between the date of publication of the libel and the date of rendition of the verdict.

Although plaintiff does not cite any case in which pre-verdict interest was allowed in a libel action, the court is urged to allow it in this case upon the authority of the line of cases holding interest recoverable as of right and as matter of law in such willful tort actions as conversion, trespass, duress, fraud and deceit.

In the leading case of *Flamm* v. *Noble* (296 N. Y. 262), the court pointed out that this line of cases involved a question of liability for a wrong to possession or property, such as, in that case, a money loss caused by fraud or duress inducing the transfer by the plaintiff of certain corporate stock in a radio station for less than its true value.

In the subsequent case on interest in the Court of Appeals, *Purcell* v. *Long Is. Daily Press Pub. Co.* (9 N Y 2d 255, 259) dealing with the question as to whether interest could be allowed as of right by the court in an action for negligent damage to property, theretofore allowable only within the discretion of the jury, the court held that such changes in the law of interest should be legislatively, and not judicially, effected.

Although the Legislature has now provided in the new Civil Practice Law and Rules, to take effect September 1, 1963, that interest shall be recovered upon a sum awarded in any action " because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property " (§ 5001), there was no change in the prevailing rule that interest was not allowable in actions for personal injuries (see Third Preliminary Report of the Advisory Committee on Practice and Procedure, 1959, p. 88).

The rule has always been that pre-verdict interest is not recoverable in such actions, in which a plaintiff may recover, in addition to loss of earnings and out-of-pocket expenditures, generalized damages for injury to his feelings, suffering, etc. In *Wilson* v. *City of Troy* (135 N. Y. 96, 105) the court, in its analysis of the existing rule relating to recovery of interest whether as matter of law or in the discretion of the jury, noted: " There is a class of actions sounding in tort in which interest is not allowable at all, such as assault and battery, slander, libel, seduction, false imprisonment, etc."

Plaintiff argues that in this case the compensatory damage award was clearly intended to reimburse plaintiff for his " pecuniary losses " resulting from the deprivation of his earnings in his profession caused by the libel and defendants' acts. In *Matter of Madden* v. *Atkins* (24 Misc 2d 4, affd. 10 A D 2d 842) that was the sole item of damage in a case based upon a wrongful expulsion of plaintiffs from their union, and the court allowed interest upon the amount awarded for loss in earnings resulting from denial of job opportunities over the period of four years there involved.

But here, as pointed out in the decision of this court on defendants' motions to set aside the verdict as excessive (35

Misc 2d 302), there were other elements of injury to reputation and to feelings which were includible in the award for compensatory damages. The jury might, as therein indicated, have adopted one of several approaches in arriving at the amount found. There is no precise measure for determining the amount represented by " pecuniary loss," and the court has no basis upon which to make any allocation.

In the absence of judicial rule or legislative enactment, there is no warrant for the allowance of interest in a libel or other personal injury action, even though the award for compensatory damages may in large measure be referable to loss of earnings.

The motion to add interest from the date of the libel to the date of the verdict is denied.