(71 App. Div. 40.)

## WALTER v. HANGEN.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. BUILDING CONTRACT—ACTION FOR BREACH—CONTRACT SPECIFICATIONS—COSTS OF ALTERING BUILDING—EXPERT WITNESS—REAL ESTATE BROKER—COMPETENCY—CROSS-EXAMINATION.

Where, in an action for breach of a building contract, plaintiff offered her agent, a real estate broker, as a witness upon the cost of altering the buildings so as to make them conform to the contract specifications, and the only evidence of his qualification to testify was that he had visited the buildings during their construction, and had for 40 years, as incident to his real estate business, done building for himself and others, and superintended building repairs, it was error to refuse to allow him to be cross-examined as to his competency as an expert before admitting his testimony.

2. SAME—MEASURE OF DAMAGES.

The measure of damages for failure to construct a building in accordance with the specifications of the building contract is the difference between the value of the building as constructed and delivered and what it would have been worth had it been constructed according to specifications, and not the cost of altering it so as to make it conform to specifications.

3. SAME—MEASURE OF DAMAGES—INSTRUCTIONS.

The evidence of damage from defendant's failure to construct buildings according to specifications consisted of expert estimates based upon an examination, made five years after completion and acceptance of the buildings, as to the costs of altering them so as to make them conform to the specifications. The jury were instructed that if they found for plaintiff she should recover such sum as they thought would compensate her for the loss sustained because of defendant's failure to do the work as provided by contract. A verdict was returned for substantially the amount of the cost of altering the buildings, as shown by the evidence, amounting to nearly one-half of the contract price of the buildings. Held, in view of the amount of the verdict, that the failure of the court to make its instruction more definite, as requested by defendant, by specifically charging that the measure of damages should be the difference between the value of the buildings as constructed and their value as they ought to have been constructed, and not the cost of altering them, was error.

Appeal from trial term, New York county.

Action by Marie A. Walter against Leonard Hangen. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William Rumsey, for appellant.
H. M. Gescheit, for respondent.

INGRAHAM, J. The plaintiff in this action sought to recover the damages sustained by reason of a breach of a contract by which the defendant agreed to erect two buildings, known as Nos. 20 and 22 Clinton place, in the city of New York. The amount of damages demanded in the complaint was $10,000 and interest, and the jury found a verdict for the plaintiff for $7,700, and from the judgment entered upon that verdict, and from an order denying a motion for new trial, the defendant appeals.

By the contract between the parties the defendant was to "alter, erect, and rebuild the buildings upon the premises known as Nos. 20 and 22 Clinton place, in the city of New York, agreeably to certain drawings and specifications made by John H. Brown, architect, * * * in a good, workmanlike, and substantial manner, and also to find and provide such good, proper, and sufficient material of all kinds whatsoever as shall be sufficient for the completing and finishing of all the work on said premises provided for and mentioned in the said plans and specifications, all for the above-mentioned sum of twenty thousand eight hundred dollars." The complaint alleges that the defendant did not fulfill his part of the agreement, or comply with the conditions of the said plan and specifications, and that by and through the negligence, unskillfulness, and failure of the defendant to comply with the terms and conditions of the said agreements, plans, and specifications, and not erecting the buildings as therein provided, the plaintiff has sustained damages in the sum of $10,000. A bill of particulars was furnished by the plaintiff, in which was specified the instances in which the defendant failed to comply with the plans and specifications. Upon the trial the plaintiff gave evidence which tended to show that the defendant had not complied with the contract. By the contract the plaintiff was to pay the defendant the sum of $20,800 for the work and material, by executing, acknowledging, and delivering to the defendant a bond secured by a mortgage upon the premises for the sum of $21,000, payable in five years from the 1st of June, 1896, with interest; and it is alleged, and not disputed, that that bond, secured by a mortgage, was given by the plaintiff to the defendant and accepted by him.

The most serious question presented on this appeal is as to the measure of damages adopted by the learned trial judge in submitting the case to the jury. It appears that one Harft, a real estate agent, had been the plaintiff's agent in respect to these buildings, and acted as her agent in negotiating the contract with the defendant. He signed the contract as agent of the plaintiff, and the plaintiff testified

that he was her agent; that he notified the defendant of some of the defects in the buildings as they developed; that he went with her from time to time to the buildings; that he took possession of them for her in October; and that he represented the plaintiff in taking possession of the buildings. It also appeared that plaintiff has been in possession of the buildings since October, 1896, has rented these buildings to tenants, and has been in receipt of rents for them.

Harft, who appears to have been a real estate broker, was called as a witness for the plaintiff, and testified as to visiting the buildings during their construction, and as to various particulars in which it was claimed that there was a violation of the contract by the defendant. The witness then was asked whether he could tell with reasonable certainty what it would cost to replace these defects. This was objected to on the ground that he was not an expert. This objection was overruled, and the counsel for the defendant asked that he be allowed to cross-examine the witness as to his competency as an expert, which was refused; the court stating that the defendant's counsel could cross-examine afterwards, to which counsel for the defendant excepted. We do not think that this ruling can be sustained. The witness was not a builder. He had testified that as a part of his real estate business he had built for himself and others, and had superintended repairs of buildings during the 40 years he had been in business, but there is no evidence that he had any knowledge of the cost of building at this time. The witness answered that it could not be done for less than $10,000, and that some of the defects could not be repaired at all. The witness was then asked whether, if the buildings had been finished according to the terms and conditions of the contract, he could have leased some of these floors or the entire building. This was objected to, but the objection was overruled, and the witness answered, "Yes." As there was no claim made in the complaint or bill of particulars for loss of rent, it is difficult to see how this testimony was competent. The witness was subsequently allowed to testify as to the amount of rents he would have received for the building if completed according to the terms of the contract. The court charged the jury that they could give no damages for delay, but the evidence was not stricken out, nor were the jury instructed that they could not allow the plaintiff for the rents that the witness had testified he could have received if the buildings had been completed as required by the contract. After the plaintiff took possession of the buildings, no repairs were made to the walls and nothing was done in relation to rebuilding them. On October 1, 1896, the plaintiff took possession of the buildings, rented them, and has continued in possession since that time. After the plaintiff took possession of the property there was submitted to the defendant certain specified instances in which he had failed to comply with the contract, and in these particulars the contract was complied with by the defendant. Two witnesses were then called by the plaintiff as experts, who had examined the buildings, and testified as to the cost of rebuilding, so that the building would comply with the contract. One of these experts testified that the cost would be $9,686.51 for No. 20, and $5,106.63 for No. 22, aggregating more than half the contract price that the defendant had received for tearing

down the old buildings and building the new. The other witness testified that the full amount necessary to build No. 20, according to the plans and specifications, was $7,340.51, and to rebuild No. 22 $2,731.62. These estimates were based entirely upon an examination of the buildings made by these two witnesses in 1900, nearly five years after the buildings were completed and accepted by the plaintiff. The estimates were not based upon the difference in the value of the buildings as they existed, and the buildings as they would have been if completed according to the contract, but were based upon an estimate of the present cost of tearing down the buildings so far as they were not completed as required by the contract, and in rebuilding in accordance with its provisions, and supplying all the other defects which are now shown to exist five years after the completion and acceptance of the buildings, in a way that would make them substantially new buildings.

The contract requires that the defendant "lath all ceilings, partitions, and exposed and outside walls, and the cellar ceilings, with wire lath, plaster three coats, scratch brown, and a hard finish." It appears to be conceded that this provision of the contract was not complied with, and that wood lath was used instead of wire lath. The estimate of these witnesses included removing the wooden and substituting the wire lath, and replastering from end to end, which would cost the sum of $1,567; for tearing down and rebuilding the defective walls, $2,500; and other changes of this character. Upon this evidence the court charged the jury as to the measure of damages as follows:

"As I have said, the plaintiff asked for $10,000 damages, and put a number of witnesses upon the stand who testified in detail as to the difference. As I remember the testimony of Mr. Devoe, he made the loss on No. 20 $8,081.91, and on No. 22 $2,767.29, or a total of $10,849.20; while Mr. Sorensen put the loss on No. 20 at $7,280.51, and on No. 22 $2,224.05, making a total of $9,504.56. You are to examine the evidence with care. If this contract was not completed as required by the plans and specifications, and if such failure so to complete was not caused by changes made by the plaintiff or her agents, then the plaintiff is entitled to recover such sum as you think will compensate her for the loss that she has sustained because of the failure of the defendant to do the work as provided by the contract."

There was thus submitted to the jury the testimony of these witnesses, which included this substantial rebuilding of the premises, as the measure of damages, leaving to the jury to give, in their discretion, the cost of such rebuilding. The counsel for the defendant asked the court to charge that in the case of a building contract the owner is not entitled to recover the cost of making extensive changes simply for the purposes of making the building technically conform to the contract, where such changes are not reasonably necessary to make the building substantially sufficient for the purposes for which it was designed, but is only entitled to recover the difference between the value as constructed and as it would have been if constructed as provided by the contract. The court replied: "I have substantially charged that. I decline to charge otherwise than as I have." The counsel for the defendant excepted. An examination of the charge to the jury fails to show that this request was substantially charged. The jury were not instructed that the measure of damages was the difference between

the value of the buildings as completed and the value of the buildings as called for by the contract. Their attention was called to the total amount to which these witnesses had testified it would cost to rebuild these buildings, so that they would be as required by the plans and specifications. Here a builder is not suing to recover the contract price, in which case proof of a substantial compliance with the contract or an excuse for not having substantially complied with it is required as a condition precedent to a recovery, but the owner is suing the contractor to recover damages because he has not complied with his contract in the construction of the building. Here the buildings were completed, and accepted as completed, by the plaintiff, and after such an acceptance, and after having been in the possession of the plaintiff for nearly a year, this action is brought. In such a case, as we understand it, the measure of damages is not what it would cost to tear down the buildings and rebuild them, as required by the plans and specifications. What the plaintiff was entitled to is not what it would cost to replace the defective building by a new building, but a money award that will place her in the position that she would have occupied had the contract been complied with. In other words, she is entitled to a judgment for the amount of the damages she has sustained because of the failure of the defendant to give her the buildings that he contracted to give her. This rule of damages is sustained by the authorities. In Morrell v. Insurance Co., 33 N. Y. 429, 88 Am. Dec. 396, the defendant, having insured a building which had been destroyed by fire, chose to rebuild. The defendant failed to complete the building, and the court held that the contract of insurance had become a contract to rebuild the building, and the rule of damages was laid down as the difference in value between the building as it existed on the day it was destroyed by fire and the building which the insurance company furnished and delivered to the plaintiff. Kidd v. McCormick, 83 N. Y. 391, was an action for damages for the failure of the defendant to complete a house, and in speaking of the measure of damages Chief Judge Folger said:

"Stated in its broadest form, the plaintiff is to have that compensation which will leave him as well off as he would have been had the contract been fully performed. With more particularity, he has a right to a house as good as that which the defendants agreed to furnish, and his damages is the difference between the value of the house furnished and the house as it ought to have been furnished. One kind of testimony by which that difference may be known is that of experts, saying what would have been the value of the one and what is the value of the other. Another kind of testimony is that of experts, what it would cost to complete the unfinished house up to the mark of the contract. Another kind is, when the house has been in fact finished up to that mark, what it did in fact cost to finish it. But these ways all lead to the same end,—what is the difference in value between the unfinished house and a house had it been finished as agreed upon?"

It will be noticed that of three kinds of testimony referred to the one applicable to the case at bar, where the buildings had been finished and delivered as completed and accepted by the plaintiff as such, is that of the difference between what would have been the value of the buildings according to the contract and what is

the value of those actually furnished, and it is the difference in the value of the buildings as agreed to be furnished and the buildings as actually furnished that she was entitled to recover in this action. The learned trial judge in submitting the case to the jury certainly did not indicate to them this rule of damages, but called their attention to the testimony of the two witnesses who testified as to what it would cost to partially tear down these completed buildings and rebuild them, as provided for by the contract,—a measure of damages that, so far as we know, has never been applied in any case of this character, and one that imposed upon the defendant a harsh rule of damages. And when the court was requested by defendant to charge that the plaintiff was only entitled to recover the difference in the value of the house furnished and the house as provided for by the contract the request was refused. In view of the size of this verdict in proportion to the total cost of building the house as provided for by the contract, it would seem that the jury were misled by the failure of the court to clearly state to them the correct rule of damages, and for that reason the judgment must be reversed.

Many other questions were raised by the record, but, in view of the conclusion we have arrived at on this question, they are not necessary to be considered. We only wish to say that we do not approve of all of the rulings on questions of evidence.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.