Louis Freedman, Plaintiff, v. Hart & Early Co., Inc., Defendant.

City Court of New York, Special Term, New York County, February 19, 1935.

*Richard J. Stull,* for the plaintiff.

*Bandler, Haas & Collins [John F. Collins* of counsel], for the defendant.

Noonan, J.   The liability of the defendant was based solely upon the contract between it and the city of New York, of which the plaintiff was a beneficiary.   Defendant agreed to become liable for any injury to the foundations, walls, or other parts of buildings adjacent to the work of subway construction which the defendant had undertaken to perform.   The contract provided for an absolute covenant to make good any damage suffered independent of negligence.   Plaintiff was entitled to sue under the contract for the damages suffered.   (*Schnaier* v. *Bradley Contracting Co.,* 181 App. Div. 538.)   There was no allegation of negligence relied upon nor pleaded.   With this premise the conclusion must inevitably demand the addition of interest to the award of damages as provided in section 480 of the Civil Practice Act, as amended by chapter 623

of the Laws of 1927. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140.) The difficulty is in determining the date from which interest should run. Plaintiff furnishes three dates for computation, to wit, June 10, 1930, which is the time of the making of the contract; or the date of July 31, 1930, when the original examination of plaintiff's building was made under the contract; or the date of August 20, 1930, when the underpinning of the building was commenced. The first two of these dates are clearly unsatisfactory guides. The last-mentioned date has more reason to recommend it since the underpinning was found to be the inferential cause of the damage to the building. No one knows, however, the exact date when the damage occurred. The time of the breach of the contract is, therefore, a matter of conjecture. Defendant says interest should run, if at all, from the date of the institution of the action, namely, May 23, 1933. Plaintiff did not expend any moneys to make repairs. The decision awarded to him the sum of $270 as the reasonable cost of the repairs to his building. These repairs may or may not be made. Under the circumstances, the fairest point of time to start the running of interest would be the commencement of the action. That would be a definite date showing a demand for compensation under the contract. The motion is accordingly granted, the interest to date from the commencement of the action. Settle order.