LEEHOKE CORPORATION, Plaintiff, *v.* PLASTOID CORPORATION, Defendant.

Supreme Court, Special Term, New York County, October 25, 1948.

*Morton G. Rosenberg* for plaintiff.

*Hyman Gold* for defendant.

EDER, J. The plaintiff moves for an order to amend the abstract of minutes and certificate of verdict so as to include therein that the defendant pay to the plaintiff interest upon the sum of $8,542.61 from August 6, 1946.

The action was to recover the sum of $9,021.23 for breach of contract arising out of the defendant's failure to deliver to plaintiff the balance of an order for magnet wire. On the trial the plaintiff established the contract, the breach thereof and

damages resulting to plaintiff therefrom in the sum of $8,542.61 and a verdict was directed for plaintiff for said sum. Through inadvertence in failing to request that the verdict make provision for the payment of interest, the abstract of minutes and certificate of verdict and the minutes failed to reveal that the plaintiff is entitled to interest on the amount of damages as found by the jury upon direction of the court.

Though this is an action for breach of contract the clerk of the court has declined to enter a judgment which will provide for the payment of interest from a date prior to the date of verdict, until such time as the certificate of verdict and abstract of the minutes have been amended.

The motion is granted but the question remains as to the date from which interest shall be computed.

The defendant contends that, assuming, *arguendo,* that plaintiff proved an agreement for the sale and purchase of the wire, it failed to offer any testimony as to when the merchandise should have been delivered and that at best this would be a reasonable time to be determined by the jury based upon the facts brought to its attention and that no facts were brought to its attention on which it could conclude what was a reasonable time and that the jury was not given an opportunity to determine what was a reasonable time. Hence, it is argued, that if the plaintiff is entitled to a judgment, interest would, at best, commence from the date of the service of the complaint.

The plaintiff's position appears to be that from the evidence at the trial it may be fairly inferred that a reasonable time during which delivery should have been made and from which interest on the judgment should be computed is August 6, 1946.

This is an indulgence in speculation.

Where the exact date when damage has accrued as a result of a breach of contract is a matter of conjecture, or is not made clear, interest on the recovery is to be computed from the date of the commencement of the action (*Freedman* v. *Hart & Early Co.,* 162 Misc. 487, NOONAN, J., followed in *Aronowsky* v. *Goldberger-Raabin Co.,* 250 App. Div. 731). Interest is allowed from the date of the commencement of the action.

Motion granted, as indicated.

Settle order.