John J. Walsh, J.
After a trial before this court with a jury at the June Term, which resulted in a verdict in the amount of $1,500 for plaintiff, plaintiff entered judgment in the amount of $1,803.05 representing the jury verdict in the amount of $1,500, interest in the amount of $160.75 and costs in the amount of $142.30.
This motion is essentially one to re-tax the costs and settle the judgment.
Defendant objects to (a) the interest and (b) the costs.
Since the plaintiff demanded the sum of $2,081.01 and the jury returned a verdict less than the amount sued for, defendant claims that interest may not be added from the alleged date of breach of the contract as this in effect corrects or changes the verdict of the jury.
Plaintiff has computed the interest from the date of the alleged breach of contract at the rate of 6% per annum together with the costs. There seems no question that the computation is correct arithmetically.
The legal question thus presented here is whether the fact that defendant interposed a setoff by way of defense to plaintiff’s cause of action and the jury awarded a sum less than the amount sued for alter or change the well-established rule that *980 interest and costs are properly added to a jury verdict in a contract action for the purpose of computing the total amount of the judgment?
There is no question about the computation by the clerk of interest from the date of the verdict. Section 480 of the Civil Practice Act also provides:
“ In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded.” (Underscoring supplied.)
Since the date of the institution of the action is the fairest point to start running of interest, where time of breach of contract is a matter of conjecture, the judgment should be settled to include interest from the 7th day of January, 1958. (Freedman v. Hart & Early Co., 162 Misc. 487.)
The costs have been properly taxed.