Matthew J. Jasen, J.
This is a motion by plaintiff pursuant to section 5001 of the Civil Practice Law and Rules for an order to compute interest on a jury verdict rendered in an action involving a claim for property damage and loss of use and rental of a storage tank owned by the plaintiff.
*500 A verdict was' rendered by a jury on February 14, 1964 where the plaintiff was awarded (1) $25,477.46 for damage to the storage tank jand (2) an additional stipulated amount of $2,244.12 for loss-of rental and use of said tank. In opposing this motion the defendants contend that section 5001 of the Civil Practice Law and Rules does not provide for the computation of interest on a verdict recovered for repairs to damaged property.
Subdivision (a) of section 5001 reads as follows: 11 (a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion.”
It is the opinion of this court that the Legislature has in this section, effective September 1, 1963, eliminated the distinction between intentional property torts and unintentional property torts. (See De Long Corp. v. Morrison-Knudsen Co., 20 A D 2d 104.)
A discussion of section 5001 of the Civil Practice Law and Rules in Weinstein-Korn-Miller, New York Civil Practice (vol. 5, § 5001.05) in part, reads as f ollows:
“ The property damage provision of CP'LR 5001(a) thus codifies those decisions, primarily in the First and Second Departments, that relied upon the dictum in Flamm v. Noble [296 N. Y. 262] and held interest recoverable as of right in cases of negligent injury to property rights. The decisions under prior law that held interest in such cases to be discretionary only are no longer of value. The new provision thus affords a measure of certainty that was absent from prior law.
‘ ‘ CPLR 5001(a) is phrased broadly and is designed to obliterate all distinctions that may turn on the form of the action (except as to actions of an equitable nature, see § 5001.06), the type of property involved, or the nature of the encroachment upon the plaintiff’s property interests. Thus, interest is available for the tortious interference with intangible, as well as tangible, property whether or not the property has been physically damaged. ’ ’ (Emphasis supplied.)
Therefore it appears that interest can properly be awarded in an action to recover for repairs to damaged property such as we have here.
The defendant further urges that in the interest of justice, section 5001 of the Civil Practice Law and Rules should not be *501 applied to this action which was commenced prior to the enactment of the Civil Practice Law and Buies.
Although section 10003 of the Civil Practice Law and Buies states that the Civil Practice Law and Buies shall apply to all actions hereafter commenced, it goes on to say that “ This act shall also apply to all further proceedings in pending actions ’ ’ (emphasis supplied).
A point is also made by the defendants that inasmuch as the plaintiff did not request the jury to compute the interest on the verdict at the time of the trial of this action it should be barred from making application at this time.
Plaintiff’s failure to request the court to instruct the jury to fix the interest on any verdict they might render, does not constitute a waiver of the right to interest. (See 5 Weinstein-KornMiller, N. Y. Civ. Prac., § 5001.15; Mayagues Drug Co. v. Globe & Rutgers Fire Ins. Co., 260 N. Y. 356; Greenfield v. Tripp, 10 A D 2d 638; Flamm v. Noble, 296 N. Y. 262.)
A motion to add interest to an award or fix a date from which interest should be computed, may be made at any time prior to the execution of a judgment in the action. (McLaughlin v. Brincherhoff, 222 App. Div. 458; Huxley-Westfield Corp. v. New York Foreign Trade Zone Operators, 121 N. Y. S. 2d 792.)
For the reasons stated, motion is granted for interest to be computed at the rate of 6% on the sum of $25,447.76 from May 12, 1959 to the date of the verdict and 6% on the sum of $2,244.12 from July 1, 1959 to the date of the verdict.