Clare J. Hoyt, J.
Plaintiffs were awarded separate verdicts against defendants for negligent acts causing property damage. Judgment was duly entered including costs and interest from the date of the verdict, February 5, 1965. The judgments were promptly satisfied and satisfaction pieces were filed.
Plaintiffs now move for orders (1) amending the judgments as entered to add interest from the date the cause of action *590 accrued" on October 27,. 19-6.0 to the date of the verdict, February-' 5, ,1965j. and (2); amending; the: satisfactions- filed to reflect that' such amended judgments are only partially satisfied.
Both- of these actions- were commenced in 1962, well prior to the September'!, 1963 effective date of the CPLR. CPLR 10003 of that act provides-: “'This act shall also -apply to- all further-proceedings in pending- actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies.”
There is some confusion as to the state of the law prior to CPLR. Some cases hold interest to the recoverable as of right in cases of negligent injury to property rights. Others have held that interest in such cases is discretionary only (see Legislative Studies and Reports on CPLR 5001, subd. [a]). The confusion has now been removed because the CPLR grants interest as of right to the-- successful party in an action predicated upon “ an act or omission depriving or otherwise interfering with title; toy or possession or enjoyment of, property” (CPLR 5001, subd, [a]).
No attempt will be made to resolve the law prior to CPLR. The' clear declaration of legislative intent evidenced by the enactment of 5001, subd. (a) coupled with the confused state of the prior law and the well-founded criticism of any withholding of interest in negligent injury cases (Flamm v. Noble, 296 N. Y. 262, 268) compels the court to apply the CPLR to these cases. The court finds that the application of the CPLR in these matters is both feasible and just (CPLR 10003).
The court reporter’s affidavit, submitted by plaintiffs, clearly shows that neither the charge nor the verdicts as rendered made; mention of interest. The injury -complained of occurred at one; time and created certain established items of damage including: damage to plaintiffs ’ water -supply. There is no reason to believe: that the jury fixed damages for the plaintiffs as of October 27,, 1960 and then by adding interest to the date of the verdict on February 5, 1965 arrived at the round figures of $20,000 and $10,000. As First Int. Pictures v. F. C. Pictures Corp. (262 App.. Div. 21, 22) points out: “ ‘ The court may and should amend the verdict by computing and adding interest where it is clear that interest should be included, * * * but the court cannot add interest * * * if there is a possibility that the jury have already -allowed interest in the amount of recovery fixed in the verdict ’.”
The court finds there is no such possibility and that the verdicts did not include interest. *591 Finally, the effect of delivering a satisfaction of judgment must be considered. Unquestionably the satisfactions were prepared and delivered by reason of mistake by plaintiffs* attorneys. Sound reason makes the court conclude that plaintiffs need not be the victims of this mistake. Were the court to hold that their rights were cut off by this error, the court would value form more than substance. Dowling v. Stephan (206 Misc. 518, 523-524) collects the few cases that have considered this question. They all hold that the delivery of a satisfaction of judgment does not prevent the court from correcting an erroneous judgment.
The Clerk of the court may amend the judgments and satisfactions as prayed for by plaintiffs and an order may be submitted on notice containing such direction to the Clerk.