JESS JOHNSON, Judge.
In this case the defendant had made repairs to the roof of plaintiff’s house for which plaintiff paid $350.00. The plaintiff was not satisfied with the repairs and he obtained an estimate from a third party to correct what plaintiff termed improper workmanship by defendant, and he brought *398 this suit against this defendant to recover the amount of the third party estimate of $590.00. There was a default judgment by the First Parish Court of Jefferson Parish in favor of the plaintiff and against defendant as prayed for and defendant has appealed.
The suit was filed on April 3, 1967. Service of the petition and citation was made on defendant on April 21, 1967. On April 25, 1967, on motion of counsel for defendant, the court granted additional time in which to plead until May 12, 1967. On May 16, 1967, no answer or other appearance having been made on behalf of the defendant, witnesses were heard and judgment was rendered and signed as prayed for. A motion for a new trial filed by counsel for defendant was denied.
To epitomize plaintiff’s petition, it is alleged that on November 22, 1965, plaintiff and defendant made a written contract by the terms of which the defendant agreed to do certain repairs to the roof of plaintiffs residence for the contract price of $350.00 payable on completion of the work; that after the job was completed, plaintiff paid defendant the full amount of the contract price; that on February 27, 1966, plaintiff notified defendant that “ * * * the roof was leaking and that the gutter or gravel guard joints were not finished and appeared to have been put back improperly by defendant’s workers”; that during the period of about 12 months plaintiff constantly endeavored to induce defendant to make the repairs to stop the leaks in the roof, but defendant took no steps to correct any faulty work “ * * * or to repair the leaks which should have been repaired under the contract”; that the inaction of defendant has caused increasing damage to the roof and interior of the house; that on February 1, 1967, plaintiff obtained an estimate from Crown Roofing Company of the cost to correct the defective work of defendant; that the amount of the estimate was $590.00, and plaintiff prayed for judgment for that amount with interest from judicial demand.
On May 16, 1967, plaintiff filed in evidence the written contract of November 22, 1965, with defendant and the written estimate made by Crown Roofing Company on February 1, 1967. The record also contains a transcript of the oral testimony of plaintiff and H. W. Morgan, service estimator for Crown Roofing Company.
Plaintiff’s testimony consists mainly of a recitation of his efforts after the new leaks appeared to contact a representative of this defendant. He said that about the end of February, 1966, he noticed that leaks reappeared in this roof and he called defendant’s office to report it. The next day defendant’s foreman came to- plaintiff’s home and told plaintiff that a crew would be sent to fix the roof. The crew never came. Plaintiff said he made many calls to defendant’s office, but nobody answered the telephone except sometimes an answering service took his calls. He said he finally called the home of defendant’s Mr. McDonald and talked to his wife, requesting her to have Mr. McDonald call plaintiff, but he received no call. Plaintiff said this went on for over seven months. Finally he talked to a Mr. Scott of defendant’s office who sent a man to inform plaintiff that it would cost $150.00 to make the repairs, which proposal plaintiff rejected. It is interesting to note that during more than a year plaintiff says he was able to contact only two people representing defendant, Mr. McDonald once and once a Mr. Scott. Mr. Morgan testified that on inspection of the roof he found three different leaks on the left front of the house and a number of other leaks in different locations. He said that the unusual manner of construction of that roof made it necessary to do certain things not ordinarily found in a more common type of roof. From the number of leaks, the discoloration of the material and the damage observable he thought the roof had been leaking for quite some time.
*399 The written contract of the defendant on defendant’s printed form filed in evidence contains, written at the bottom, what we assume to be the details of the work to be done, a Xerox copy of which writing is as follows:

What Mr. Morgan terms the necessary items of repairs cover most of two pages of a printed form, entitled “Proposal” of Crown Roofing Co. This list illustrates a glaring difference between the defendant’s contract of $350.00 and this estimate of $590.00. We reproduce the portions of the estimate containing the specifications, as follows:

*400 In the first place, it is reasonable to believe that with diligent effort plaintiff could have determined in a very short time that the defendant did not intend to make any more repairs to plaintiff’s roof, and, in the second place, the long delay which plaintiff has permitted to elapse since discovering the leaking in February, 1966, without having the roof fixed, add up to the strong impression that there was not much the matter with it. It is impossible from this evidence to make any accurate calculation of what it would have cost to stop the leaks in February, 1966, but we are certain that at that time defendant should have done something effective to correct the trouble. We are also convinced that defendant should not be required to pay the increased damage caused by the delay, which, no doubt, is still running. The plaintiff is obligated to minimize his damage in such a case by having the roof fixed promptly.
Furthermore, there is no other proof than plaintiff’s unsupported testimony that all or any of the many items, specified by Mr. Morgan’s estimate as needing to be done on February 1, 1967, when he made the estimate, were caused by faulty workmanship by the defendant. The age of the roof may have something to do with the deterioration or perhaps the condition is due to faulty workmanship of the person who built the roof in the first place.
Comparing the few items listed in defendant’s contract with the many in Mr. Morgan’s estimate, we believe that the maximum amount which plaintiff should recover is the price of defendant’s contract, and the judgment will be amended by reducing the amount of the judgment in favor of plaintiff to $350.00, with interest from date of judicial demand, the plaintiff to pay the costs of this appeal and the defendant to pay all other costs.
Amended and affirmed.