FIRST NATIONAL BANK OF HOLLY-
WOOD et al., Plaintiffs,

v.

AMERICAN FOAM RUBBER CORPO-
RATION et al., Defendants.

60 Civ. 2328.

United States District Court,
S. D. New York.

Sept. 26, 1969.

See also D.C., 309 F.Supp. 547.

Whyman & Whyman, New York City, for plaintiffs; Martin N. Whyman, New York City, of counsel.

Winer, Neuburger & Sive, New York City, for defendants, David Sive, New York City, of counsel.

MEMORANDUM

COOPER, District Judge.

The Trustee in Bankruptcy of American Foam Rubber Corporation (AFR) moves to have pre-verdict interest added to the $20,000 jury verdict returned on April 29, 1968 in his favor on his first counterclaim charging Samuel Buchman with conspiring with other employees of AFR to injure or destroy that corporation's business.

■ Since this Court's jurisdiction is based on diversity of citizenship, New York law applies in determining the Trustee's right to pre-verdict interest. St. Clair v. Eastern Airlines, Inc., 302 F.2d 477 (2d Cir. 1962); Collier v. Granger, 258 F.Supp. 717 (S.D.N.Y. 1966); Spanos v. Skouras Theatres Corp., 235 F.Supp. 1 (S.D.N.Y.1964); Erving Paper Mills v. Hudson Sharp

Machine Co., 271 F.Supp. 1017 (E.D. Wisc.1967).

■■ ■ Pre-verdict interest has long been recoverable as a matter of right in New York in actions to recover for property damage stemming from intentional torts. De Long Corp. v. Morrison-Knudsen Co., 14 N.Y.2d 346, 251 N.Y.S.2d 657, 200 N.E.2d 557 (1964); Flamm v. Noble, 296 N.Y. 262, 72 N.E. 2d 886, 171 A.L.R. 812 (1947). This has been the rule even in actions where damages are unliquidated. Flamm v. Noble, *supra.*

Additionally, section 5001(a) of the New York CPLR, effective September 1, 1963, provides that "[i]nterest shall be recovered upon a sum awarded * * * because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property * * *." This provision is "phrased broadly and is designed to obliterate all distinctions that may turn on the form of the action * * *, the type of property involved, or the nature of the encroachment upon the plaintiff's property interests." 5 Weinstein-Korn-Miller, N.Y.Civ.Prac. ¶ 5001.05, at p. 50–16.

While the New York Court of Appeals has not yet ruled on the question, "lower New York courts have consistently held that CPLR § 5001 applies to cases coming to trial after its effective date * * *, even though the events complained of occurred earlier." Collier v. Granger, *supra*, 258 F.Supp. at 718; Wilcoxon v. Sun Oil Co., 49 Misc.2d 589, 267 N.Y.S.2d 956 (Sup.Ct.1966); Buffalo Oil Terminal, Inc. v. William B. Kimmins & Sons, Inc., 42 Misc.2d 499, 248 N.Y.S.2d 499 (Sup.Ct.1964), aff'd, 23 App.Div.2d 970, 260 N.Y.S.2d 621 (1965).

■■ The Trustee's failure to demand interest in his counterclaim or to request the court to instruct the jury to fix interest on any verdict they might render,[1] does not constitute a waiver of his right to interest. Flamm v. Noble, *supra*; Buffalo Oil Terminal, Inc. v. William B. Kimmins & Sons, Inc., *supra*; 5 Weinstein-Korn-Miller, N.Y.Civ. Prac. ¶ 5001.15, at p. 50–29. "A motion to add interest to an award or fix a date [from which interest should be computed] may be made at any time prior to the execution of the judgment in the action." 5 Weinstein-Korn-Miller, N.Y.Civ.Prac. ¶ 5001.16, at p. 50–30.

A court should amend the verdict by computing and adding interest "where it is clear that interest should be included, * * * but the court cannot add interest * * * if there is a possibility that the jury have already allowed interest in the amount of recovery fixed in the verdict." First International Pictures, Inc. v. F. C. Pictures Corp., 262 App.Div. 21, 27 N.Y.S.2d 816 (1941). As plaintiffs readily concede, "the jury by their verdict did not award interest to the Trustee * * *." (Memorandum In Support Of Judgment Submitted By Plaintiffs, p. 9.)

■■ Accordingly, we find that the Trustee is entitled to pre-verdict interest as a matter of right. Such interest shall be computed at the rate of 6% per annum[2] from July 1, 1959.[3]

We note that the verdict of $20,000 together with pre-verdict interest from

---

1. Under CPLR § 5001(c) the jury's responsibility is now limited to fixing the date from which interest is to be computed. If the jury is dismissed without fixing the date, it becomes the court's duty to do so. The Clerk of the Court is responsible for computing the interest to the date the verdict was rendered. 5 Weinstein-Korn-Miller, N.Y.Civ.Prac. ¶ 5001.14, at p. 50–29.

2. CPLR § 5004 provides that "[i]nterest shall be at the legal rate," and section 5–501 of the New York General Obligations Law, McKinney's Consol.Laws, c. 24–A, provides that the legal rate is 6% per annum.

3. The Trustee has requested only that interest be computed from this date. We agree with his assertion that this is the "outside date" of lost profits.

July 1, 1959 to April 29, 1968 should it-self draw interest at the rate of 6% per annum from April 29, 1968 to the date judgment is entered (CPLR § 5002) and we so decree.

See also D.C., 309 F.Supp. 545.