Moses M. Weinstein, J.
In this action to foreclose a mortgage on real property, plaintiff moves to confirm the report of the referee only as to the amount found due for principal on the bonds, mortgages and extension agreement and to dis-affirm the computation of interest at the rate of 6%. Plaintiff also seeks a “ declaration ” that CPLR 5004 is unconstitutional “ concerning the rights of the plaintiff as they are affected by section '5-501 of the General Obligations Law and section 14-a of the Banking Law
In determining the amount due to the plaintiff, the referee computed interest from the date of default, April 1, 1973 to November 291, 1973, the date of the report, at the rate of 6% as provided in CPLR 5004. Plaintiff contends that it is entitled to a higher rate of interest computed pursuant to section 5-501 of the General Obligations Law.
Prior to its amendment in 1972 CPLR 5004 had provided that interest shall be at the “legal rate”. The question of what constituted the “legal rate ” of interest was resolved, in the absence of legislative direction, in favor of the maximum rate permitted in the “ usury statute ”, now section 5-501 of the General Obligations Law. (Rachlin & Co. v. Tra-Mar, 33 A D 2d 370; Gelco Bldrs. v. Simpson Factors Corp., 60 Misc 2d 492; Jamaica Sav. Bank. v. Giacomantonio, 59 Misc 2d 704.) This section gives the Banking Board, pursuant to section 14-a of the Banking Law, authority to set the legal interest rate on the loan or forbearance of any money. (General Obligations Law, § 5-501, subd. 1.) The Banking Board has set the maximum interest rate for these types of transactions first at 7.25% and now, presently, at 8.50%. (3 NYCRR 4.1.)
CPLR 5004 was subsequently amended, however, changing the rate of interest from the “ legal rate ” to “ six per centum per annum ”. By this amendment, the Legislature has evidenced its intention to set a fixed rate of interest on judgments independent of the usury provisions of section 5-501 of the General Obligations Law. (L. 1972, ch. 358, § 1.) It should be noted that although the descriptive title of the amendment refers only to interest on judgments, the actual language of the section is not so limited and should apply, as did its predecessor, to all accruals of interest pursuant to CPLR 5001, 5002 and 5003. (See 7 Doyer St. Realty Corp. v. Great Cathay Development Corp., 43 A D 2d 476.)
The rate of interest following default of the mortgage obligation is to be computed at the rate then prescribed by statute. (O’Brien v. Young, 95 N. Y. 428; Stull v. Feld, 34 A D 2d 655.) *889 The statutory rate of 6% set by CPLB 5004 is therefore the rate to be applied in computing interest due plaintiff on the bonds, mortgages and extension agreement. (See Anchor Sav. Bank v. Kelly, N. Y. L. J., Dec. 13,1973, p. 18, col. 4.) Moreover, since this is an action of an equitable nature (Copp v. Sands Point Marina, 17 N Y 2d 291, 293), the recovery of interest is within the court’s discretion. (CPLB 5001, subd. [a].)
The plaintiff contends that if the 6% rate of interest provided in CPLB 5004 is applicable to an award of interest in this action, then the section is ‘ ‘ unconstitutional, as depriving the plaintiff of its rights, without due process of law”.
In the absence of an agreement to the contrary by the parties, ‘ ‘ ‘ where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract.’ (O’Brien v. Young, 95 N. Y. 428, 429.) After maturity * * * the interest is computed as damages according to the rate then prescribed by law.” (Metropolitan Sav. Bank v. Tuttle, 290 N. Y. 497, 500.) Since the award of interest for the period following a breach of contract is merely an element of damages, a change in the availability of interest is not an impairment of the obligation of a contract. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.02.) Plaintiff has no “ vested interest in any rule of law entitling him to have the rule remain unaltered ”. (Preston Co. v. Funkhouser, 261 N. Y. 140, 144, affd. 290 U. S. 163.) The award of interest at the rate provided in CPLB 5004 is therefore not in derogation of the mortgagee’s rights.
Accordingly, the motion is granted but only to the extent that the entire report of the referee appointed to ascertain and compute the amount due plaintiff for principal and interest on the bonds, mortgages and extension agreement is confirmed.