James H. Boomeb, J.
Plaintiff, the owner of the Sandpiper Swim Club, brought this action against the defendant contractor for breach of contract, alleging defective construction of a swimming pool and an associated building. The case was tried before the Honorable George D. Ogdee of this court and a jury. The jury awarded damages to plaintiff in the sum of $20,000. After giving its verdict, the jury was discharged without specifying the date from which preverdict interest should run, and plaintiff’s application to fix such date has been held in abeyance because of Justice Ogdee’s entry into the hospital and subsequent death. Pursuant to CPLR 5001 (subd. [e]) plaintiff now applies *257 to this court to fix the date from which interest should run on his judgment.
The trial record sets forth the following evidence relating plaintiff’s damages: The contract was entered into -on January 13, 1966, defendant completed its work later in 1966 and defects in the work began to appear in May of 1967. This action was commenced in December, 1971. Plaintiff relied on the testimony of two expert witnesses to show the extent and value of damages he suffered. The first expert stated that as of May 16, 1974, the cost to repair the pool building and walls was $7,925, plus tax. The second expert testified that the cost to repair the pool deck was $42,600, plus tax. He made his estimate of cost in late 1972 or early 1973, but it was based on 1971 costs, as he was hired by the plaintiff on September 23, 1971 to make $3,000 worth of repairs to the pool deck.
The defendant’s contention throughout the trial was that it performed all the work in a good and workmanlike manner and according to contract specifications. The defendant, therefore, in denying any breach of contract, did not produce testimony concerning damages.
The Trial Justice instructed the jury that it could fix the damages in any amount, but not in excess of $48,500. The jury awarded $20,000. The jury was neither requested nor instructed to fix the date or dates when damages were incurred, or when interest should run; nor was it requested to apportion its verdict to allow so much for repair of the pool deck and so much for the building and walls. It is now impossible to determine -on what dates the various elements of damage were incurred. The jury verdict, taken in conjunction with the trial testimony concerning damages, leaves unanswered many questions relevant to the task of fixing the date from which interest should be computed. What part of the $20,000 is awarded for repair of the building and walls ? What part of the $20,000 is for repair -of the pool deck? What date or dates should be used in computing interest? The date the defects were first observed, a reasonable time thereafter, the dates as of which the experts computed the damages, or the date of the commencement of the trial?
CPLB, 5001 (subd. i[b]) provides that “ interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. ’ ’ As stated in Gelco Builders v. Simpson Factors Corp. (60 Misc 2d 492, 493-494): “ Although CPLB 5001 (subd. [b]) permits interest ‘ from the earliest ascertainable date the cause of action existed ’, it excepts *258 ‘ interest upon damages incurred thereafter ’ which ‘ shall -be computed from the date * * * incurred ’. The statutory test is not the date of breach, but rather the date the loss or damage was actually incurred. As the statute implicitly recognizes, the award of interest is founded on the theory that there has been a deprivation of use of money or its equivalent and that the sole function of interest is to make whole the party aggrieved. It is not to provide a windfall. (Lesjac Realty Corp. v. Mulhauser, 43 Misc 2d 439; Matter of Kavares [MVAIC], 29 A D 2d 68.) ”
Interest, then, is to be computed from the time plaintiff is damaged. When is a plaintiff damaged in a suit against a contractor who has defectively performed? The measure of damages, in such a case, is the cost of repair within a reasonable time after the defect appears, and the amount actually paid by the plaintiff to another contractor for correction of the defective work, within a reasonable time after the breach, is strong and reliable evidence in determining the time and amount of damages (Ciminelli v. Umland Bros., 236 App. Div. 154; Jacob & Youngs v. Kent, 230 N. Y. 239; Walter v. Hangen, 71 App. Div. 40). Here the plaintiff caused only a small portion of the defective work to be repaired. This compounds the difficulty in determining what amount should be paid in interest to make plaintiff whole. It has been held that a defendant should not pay any damages caused by the delay of a plaintiff in making repairs as such damages do not naturally and obviously flow from the plaintiff’s breach (Gaylord Bldrs. v. Richmond Metal Mfg. Corp., 186 Pa. Super. Ct. 101; Calais v. Dura-White Roofs Co., 208 So. 2d 397 [La.]; Sheldon v. Northeast Developers, 127 Vt. 15; Losei Realty Corp. v. City of New York, 254 N. Y. 41).
From the testimony given at the trial and from the instructions of the court it is impossible to determine as of what dates the various items of damages were computed and it is likewise impossible to determine 1 ‘ a single reasonable intermediate date.” (CPLE 5001, subd. [b].) Under these circumstances it is appropriate and just that interest run from the date of the commencement of the action (Gelco Bldrs. v. Simpson Factors Corp., 60 Misc 2d 492, supra; Freedman v. Hart & Early Co., 162 Misc. 487). “ Where the date from which interest should be computed is a matter of conjecture the courts have held that the date when the action was begun is appropriate (see Adler v. Pilot Inds., 192 Misc. 774, supra; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.10; McKinney’s Cons. Laws of N. Y., Book *259 7B, CPLR .5001, Notes, and cases cited, p. 527).” (De Long Corp. v. Morrison-Knudsen Co., 20 A D 2d 104, 110.)
I, therefore, fix the date from which interest on the verdict shall run as the date in December, 1971 when the action was commenced. This is fair under the facts of this case since the only evidence from which the jury could have fixed the damages was the cost, as of September, 1971, of repair of a main portion of the damages and the cost, as of May, 1974, of repair of another significant item of damages. Although plaintiff may have suffered damages prior to 1971 and conceivably as early as the spring of 1967 when the defects first appeared, and he may have been entitled to the cost of repair within a reasonable time after the defects appeared, he nevertheless elected to prove his damages based upon the cost at a time close to that of the time of the commencement of the action. Presumably, due to inflation, the cost of repair was higher at that later date, and plaintiff should not be permitted to collect this higher cost of repair and in addition, interest from a much earlier date. Having selected the date as of which damages should be computed, the plaintiff should not now be permitted to claim an earlier date for the commencement of interest.
Plaintiff relies on Mathis v. Matthews (39 N. Y. S. 2d 242) to support his request that interest be awarded from the time when the defects first appeared. There is no showing in Mathis, as there is here, that the defendant elected to prove his damages based upon cost to repair as of a time close to the time of trial, and for that reasan I decline to follow the Mathis decision.
Defendant’s reliance on Faber v. City of New York (222 N. Y. 255) to support his contention that preverdict interest should be denied altogether is unfounded. At the time of the Faber case (1918) interest was allowed on a claim for unliquidated damages, only when the damages could be readily ascertained as of a fixed day. Interest was not allowed on claims for unliquidated damages where proof of damages depended not upon an established market value, but upon expert testimony. It wasn’t until 1927 that the treatment of interest on liquidated and unliquidated claims in contract actions was made uniform (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.01).