**MOUNT SINAI HOSPITAL and Mount Sinai School of Medicine, Plaintiffs,**

v.

**BORG–WARNER CORPORATION, Defendant.**

**No. 80 Civ. 3044.**

United States District Court, S. D. New York.

Dec. 3, 1981.

Rein, Mound & Cotton, New York City, for plaintiffs; Lawrence S. Greengrass, New York City, of counsel.

Shapiro & Karow, New York City, Bragar Spiegel Schulman Rubin & Driggin, New York City, for defendant; Nathan Shapiro and Edward Rubin, New York City, of counsel.

## OPINION

### EDWARD WEINFELD, District Judge.

Plaintiffs move to amend a judgment they recovered against the defendant entered upon a jury verdict, to include prejudgment interest from the date of negligent injury to their property, which occurred on June 13, 1977. The damaged property was an air conditioning unit which malfunctioned on that date due to a shaft seal failure. Since this is a diversity action, New York C.P.L.R., section 5001(a) controls the issue of whether interest is recoverable in an action for negligent injury to property.[1] It provides in relevant part:

(a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of property . . . .[2]

At the request of the plaintiffs and pursuant to a maintenance contract, the defendant, within two weeks after the shaft seal failure, performed the necessary work to restore the air conditioning equipment to functional use. The parties stipulated in the pre-trial order that the total amount paid for repairs after the date of occurrence was $193,045.60.[3] This sum was paid by plaintiffs to defendant in installments over a period of time as follows:

| | |
|---|---|
| December 19, 1977 | $ 80,895.49 |
| January 25, 1978 | 9,950.35 |
| May 26, 1978 | 36,000.00 |
| September 12, 1978 | 65,000.00 |
| March 21, 1979 | 5,200.00 |
| Total – | $197,045.84[4] |

■ Plaintiffs seek prejudgment interest from the date that the damage occurred, to wit, June 13, 1977. The defendant opposes the inclusion of any interest on the judgment on the ground that the complaint did not request interest, plaintiffs did not make known to the jury during the trial that they were seeking interest, nor did they request a jury instruction on the subject, nor was it referred to in the Court's charge. This contention is without substance. Entirely apart from the fact that the pre-trial order specifically states that plaintiffs claim interest on their damage claim, New York courts have held that in cases of negligent injury to property, prejudgment interest is recoverable as a matter of right,[5] and section 5001 has codified those decisions.[6] Also, our Court of Appeals has repeatedly

1. *United Bank Ltd. v. Cosmic International, Inc.*, 542 F.2d 868, 877 (2d Cir. 1976); *Spector v. Mermelstein*, 485 F.2d 474, 481 (2d Cir. 1973); *St. Clair v. Eastern Air Lines, Inc.*, 302 F.2d 477, 480 (2d Cir. 1962).

2. N.Y. C.P.L.R. § 5001(a). The section applies to an action such as this one for negligent injury to property. *See, e.g., Dalrymple v. Ed Schults Chevrolet, Inc.*, 51 A.D. 884, 380 N.Y. S.2d 189 (1976), *aff'd*, 41 N.Y.2d 957, 394 N.Y. S.2d 881, 363 N.E.2d 587 (1977).

3. The jury returned a verdict in plaintiffs' favor but found them contributorily negligent to the extent of 35%. The verdict was based upon a total damage claim of $208,000, which included an additional sum for services of plaintiffs' personnel, but the Court, on a motion for a new trial, set this aspect of its award aside so that

the judgment was entered for $125,479.64, 65% of the total claim of $193,045.60.

4. The additional sum over the stipulated $193,-045.60 represents payment for services unrelated to repairs due to the breakdown.

5. *Flamm v. Noble*, 296 N.Y. 262, 268, 72 N.E.2d 886 (1947) (dictum); *Harmon & Regalio, Inc. v. City of New York*, 286 App.Div. 825, 141 N.Y. S.2d 877 (1955); *Sandak v. Combs*, 26 Misc.2d 478, 213 N.Y.S.2d 542 (1961); *A. L. Russell, Inc. v. City of New York*, 138 N.Y.S.2d 455 (Sup.Ct.1954).

6. *See, e.g., Buffalo Oil Terminal v. William B. Kimmins & Sons*, 42 Misc.2d 499, 248 N.Y.S.2d 499 (1964), *aff'd*, 23 A.D.2d 970, 260 N.Y.S.2d 621 (1965); 5 Weinstein, Korn & Miller, New York Civil Practice ¶ 5001.05.

held that since section 5001 is phrased in mandatory terms, it does not permit the trial court to exercise any discretion with regard to prejudgment interest.[7] Since it is a matter of right, the plaintiffs' failure to demand interest in the complaint or to request during the trial that the jury be instructed to fix interest, did not constitute a waiver of their right to interest.[8]

█ Equally without substance is the defendant's contention that since the jury found plaintiffs were contributorily negligent, liability to plaintiffs was not determined until the jury returned its verdict and that "the money was literally not owed by defendant until the verdict was entered." This view, carried to its logical conclusion, would completely emasculate the purpose of section 5001 to assure interest to a party where the recovery of damages is based upon negligent injury to property. Whether a plaintiff recovers his total damages without diminution or only a portion because of his own contributory act, the verdict establishes the defendant's liability and the amount of damages, and thereupon, section 5001 mandates that interest shall be recovered.

Thus we reach the final issue, the date from which prejudgment interest is to run. Plaintiffs contend it is June 13, 1977, the date the air conditioning equipment malfunctioned, when plaintiffs assert their cause of action accrued. On the other hand, defendant contends interest, if it is to be allowed, should be computed from the dates that plaintiffs paid to the defendant the monies due for the repairs, which, as shown, extended over a period of almost two years, with the first payment being made six months after the equipment was restored to functional use. In sum, however variously stated, the defendant's position is that plaintiffs were obligated to pay for the repairs following their completion, but withheld payments and consequently had the benefit of funds for varying periods of up to almost two years, and under these circumstances, to allow interest would yield a windfall to plaintiffs at the defendant's expense. Thus the question is whether the date of the accident which cast the defendant in liability, or the various dates that payments were made for the repairs to the property, fix the time prejudgment interest starts to run.

Counsel have not cited and independent research has not unearthed any decision by New York's highest or intermediate appellate courts on the precise issue here presented.[9] The only case which may be

---

7. *United Bank Ltd. v. Cosmic International, Inc.*, 542 F.2d 868, 877 (2d Cir. 1976), and cases cited therein.

8. *First National Bank of Hollywood v. American Foam Rubber Corp.*, 309 F.Supp. 545, 546 (S.D.N.Y.1969); *Flamm v. Noble*, 296 N.Y. 262, 268, 72 N.E.2d 886 (1947); *Buffalo Oil Terminal v. William B. Kimmins & Sons*, 42 Misc.2d 499, 248 N.Y.S.2d 499 (1964), *aff'd*, 23 A.D.2d 970, 260 N.Y.S.2d 621 (1965); 5 Weinstein, Korn & Miller, New York Civil Practice ¶ 5001.15.
   Defendant's reliance upon *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir. 1979), for the denial of plaintiffs' motion is misplaced. There, the application for prejudgment interest was made two years after the entry of judgment and after the judgment, together with accrued post-judgment interest had been paid. The application was made under Federal Rule of Civil Procedure 60(a), which governs clerical mistakes and errors in judgments. The court held that "no clerical mistake or error occurred" by plaintiffs waiting two years before they applied for the inclusion of prejudgment interest. The court noted,

   "[t]he plaintiffs were unquestionably entitled to pre-judgment interest from some date, N.Y. C.P.L.R. § 5001(b), (c), but it was the failure of plaintiffs to bring this statutory entitlement to the attention of the court until almost two years after the entry of the judgment that created the problem—not any clerical oversight or error." 592 F.2d at 42.
   Plaintiffs had available to them Federal Rule of Civil Procedure 59(e), which provides that "a motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The court held that plaintiffs' motion under that Rule was time barred. Here the plaintiffs' motion was timely under the Rule.

9. *Fidelity Trust Co. v. Field*, 311 U.S. 169, 177–78, 61 S.Ct. 176, 177–78, 85 L.Ed. 109 (1940); *St. Clair v. Eastern Air Lines, Inc.*, 302 F.2d 477, 481 (2d Cir. 1962) (decision of intermediate state court is binding on the federal courts in a diversity action unless there is persuasive evidence that the highest state court would reach a different conclusion).

said to parallel the instant one was decided by a judge of the Civil Court of the City of New York, New York County in a personal injury and property damage case where, after a jury verdict on each claim, the judge allowed interest only on the property damage claim for auto repairs from the date of the accident.[10] The court simply noted without discussion that in the absence of a jury determination it "has authority to fix the date for the computation of interest as of the date of the occurrence of the accident."[11]

■ Here, too, since the jury did not pass upon the issue, the Court is called upon to make the determination. With due deference to the Civil Court of the City of New York, this Court is of the view that the New York statute does not automatically make the date of the occurrence of the accident the date from which prejudgment interest runs. In the absence of an authoritative ruling by New York's courts, this Court is called upon to decide what it believes New York's highest court would decide were it confronted with the issue.[12] In this Court's view, the issue turns upon an interpretation of the exception clause contained in subdivision (b) of section 5001 which provides:

(b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, *except that interest upon damages incurred thereafter shall be computed from the date incurred.* Where such damages were incurred at various times,

interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date. (Emphasis supplied.)

The exception clause indicates that the accrual date of the cause of action does not automatically establish it as the date from which interest is to be computed. Rather, the exception clause provides for the start of interest from the date plaintiffs actually suffered damage. In determining when plaintiffs suffered damages, this Court finds persuasive the reasoning of the New York court that faced the same question in a case concerning breach of contract.[13] That court held that where a breach caused defects and the defects were repaired within a reasonable time, the plaintiff's payments for the repairs were reliable evidence in determining the time that damages were incurred.[14] Since the defects in the property were promptly repaired and any loss of use shortlived, the plaintiff's only sustained loss in that case was the pecuniary loss from paying for the repairs. The same reasoning applies here, where the equipment was quickly restored to use, but payment for the repairs extended over a prolonged period. Under the circumstances here presented, to allow prejudgment interest from the date of the accident which encompasses a period when plaintiffs were deprived of neither the use of their property nor money would impose a penalty upon the defendant rather than award plaintiffs their pecuniary loss.[15]

---

10. *Davis v. McDaniel,* 60 Misc.2d 390, 303 N.Y.S.2d 323 (1969). As to the personal injury claim, the court disallowed interest on the bill for medical services in accord with New York law, which does not permit interest on a personal injury claim. *Gillespie v. Great A & P Tea Co.,* 26 A.D.2d 953, 276 N.Y.S.2d 372 (1966), *aff'd,* 21 N.Y.2d 823, 288 N.Y.S.2d 907, 235 N.E.2d 911 (1968).

11. 60 Misc.2d 390, 303 N.Y.S.2d at 324. Section 5001(c) provides in part: "If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit."

12. *Cf. Nolan v. Transocean Air Lines,* 276 F.2d 280, 281 (2d Cir. 1960) (Friendly, J.)

13. *See Webster v. Culver Roadways, Inc.,* 79 Misc.2d 256, 359 N.Y.S.2d 863 (Sup.Ct.1974) (citing *Ciminelli v. Umland Bros., Inc.,* 236 App. Div. 154, 258 N.Y.S. 143 (1932); *Jacob & Youngs v. Kent,* 230 N.Y. 239, 129 N.E. 889 (1921); *Walter v. Hangen,* 71 App.Div. 40, 75 N.Y.S. 683 (1902)).

14. 79 Misc.2d 256, 359 N.Y.S.2d at 865.

15. *Cf. Adler v. Pilot Industries, Inc.,* 192 Misc. 774, 81 N.Y.S.2d 822, 823 (Sup.Ct.1948) ("Ordinarily, the rule is that interest runs from the date of the wrong.... Where, however, as

This application of the statute to the facts of this case is supported by the underlying rationale of *Flamm v. Noble*,[16] which gave birth to section 5001. In *Flamm*, the Court of Appeals announced in its dictum that pre-trial interest was to be granted uniformly and as a matter of right in property damage and contract cases without distinction between them. In equating this right to contract claims, the court referred to an amendment to section 480 of the Civil Practice Act governing the amounts of interest in actions based upon breach of a contract, express or implied, which provided that "interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated." The court explained that "[a]s thus amended, section 480 means that interest must be paid on a *pecuniary loss* caused by breach of contract even in a case where the defendant could not determine on any fixed date what was due. . . . The reasons for that statutory innovation are reasons of policy and justice."[17] Significantly, the court thereupon quoted from *J. B. Preston Company v. Funkhouser*[18] language that is particularly applicable here: "The party not performing should not deprive the party not in fault of the use of his money without paying therefor."[19] This view that interest in this case is to start from the date plaintiffs suffered pecuniary damage finds further support in the provision following the exception clause which states "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred."[20] Here, the pecuniary damage occurred when plaintiffs were deprived of the use of their money on the respective dates they made payments to the defendant. As noted previously, they had the use of the money for their own benefit from the date of occurrence of the event that grounded their claim until they made the payments. To grant interest from the date of occurrence of the accident would yield to plaintiffs monies beyond their true pecuniary damage. Accordingly, the judgment shall include prejudgment interest from the date each payment was made to the date of entry of judgment, to be computed upon 65% of each payment since the jury found defendant contributorily negligent to the extent of 65%. The interest shall be at the rates allowed by New York State, to wit, 6% for the period up to and including June 24, 1981 and 9% from June 25, 1981.[21] Interest upon the judgment shall run from the date of its entry at the rate of 9%.

One final matter remains. The Court notes the various references in defendant's brief in opposition to plaintiffs' motion. It contains an intemperate attack upon the integrity of plaintiffs' attorney based upon his failure to request interest or an instruction with respect thereto. The charge that plaintiffs' attorney was engaged in a "sneak" attack by deliberately waiting until after the entry of judgment, compounded by charging him with indulging in "dishonest practice" is not only unfair but utterly without justification. While Federal Rule of Civil Procedure 12(f) authorizes the court on its own motion to order stricken "any pleading" that contains "impertinent, or scandalous matter," the Court is of the view that it encompasses briefs, affidavits or any document submitted to the Court. In any event, the Court has inherent power to strike any scandalous matter or document submitted to it.[22] The Court orders the

here, the damages [accrued] after the wrong, interest from that date would be a penalty rather than compensation.")

16. 296 N.Y. 262, 72 N.E.2d 886 (1947).

17. *Flamm v. Noble*, 296 N.Y. 262, 266–67, 72 N.E.2d 886 (1947) (emphasis supplied).

18. 261 N.Y. 140, 145, 184 N.E. 737 (1933).

19. Flamm, *supra*, 296 N.Y. at 267.

20. N.Y. C.P.L.R. § 5001(b).

21. N.Y. C.P.L.R. § 5004, *as amended by* 1981 N.Y. Laws ch. 258; *7 Doyer Street Realty Corp. v. Great Cathay Development Corp.*, 43 A.D.2d 476, 352 N.Y.S.2d 483 (1974); *Jamaica Savings Bank v. Toomey*, 77 Misc.2d 887, 355 N.Y.S.2d 268, *aff'd*, 46 A.D.2d 847, 363 N.Y.S.2d 313 (1974).

22. *Cf. In re Rea Holding Corp.*, 447 F.Supp. 167 (S.D.N.Y.1978).

defendant's brief stricken from the files. However, it may be sealed subject to opening under a court order pending determination of an appeal that may be taken by the defendant.

So ordered.