■ MICHAEL KORAL, Plaintiff, v RHONA KORAL, Appellant, and HERMAN H. TARNOW, Respondent. [651 NYS2d 619] —In a matrimonial action in which the parties were divorced by judgment dated December 1, 1989, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered April 19, 1995, which granted the motion by the nonparty respondent to (1) strike interest and costs from a judgment entered June 15, 1994, in favor of the defendant and against the nonparty respondent, and (2) direct the defendant to issue a satisfaction of judgment to the nonparty respondent.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

By order dated October 5, 1993, the defendant was granted an award against her former attorney, the nonparty respondent, in the amount of $10,000, which constituted the reimbursement of money she had paid to him as attorney's fees. A judgment was entered on the award on June 15, 1994, in the principal sum of $10,000, plus interest and costs. Upon a motion by the nonparty respondent, the Supreme Court, by order entered April 19, 1995, struck the interest and costs from the judgment. However, as the prevailing party, in the absence of a statute to the contrary or an express provision in the order denying costs, the defendant was entitled to costs in the action (*see,* CPLR 8101, 8108; *Angelo v Lang,* 45 Misc 2d 531). Here, neither exception being present, costs (the amount of which is not challenged on appeal) were properly included in the judgment entered on the award. Further, the defendant is entitled to interest on her award pursuant to CPLR 5002 from the date that it was granted until the entry of judgment thereon, and interest pursuant to CPLR 5003 from the date of entry of judgment until it is paid (*see, 23 W. St. Corp. v Gibbs & Cox,* 282 App Div 362, *affd* 307 NY 723; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5002.02). In calculating the accrued interest in accordance herewith, the nonparty respondent is to be credited with a payment of $6,000 on November 8, 1993, pursuant to the defendant's use of funds advanced by the nonparty respondent to the defendant's former attorneys, Taylor, Atkins & Ostrow, to reduce her debt to that firm, and a payment of $4,000

on August 4, 1994, pursuant to the defendant's acceptance of a check tendered by the nonparty respondent in that sum. Since the payment of $6,000 and the payment of $4,000 represent full payment of the principal amount of the judgment, the nonparty respondent is entitled to a satisfaction of judgment upon his payment to the defendant of the outstanding interest and costs.

We have considered the parties' remaining contentions and find them to be without merit. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.